[15060. Department Two. — May 12, 1893.]

CITY AND COUNTY OF SAN FRANCISCO, RESPOND-
ENT, v. SOPHIE E. COLLINS ET AL., APPELLANTS.

EMINENT DOMAIN — COSTS OF CONDEMNATION. — In condemnation proceedings the party seeking the condemnation should be required to pay not only his own costs, but also all proper costs of the owner of the land incurred in good faith.

ID. — CONSTITUTIONAL LAW — "JUST COMPENSATION" — LIMITATION OF DISCRETION AS TO COSTS. — The discretionary power conferred upon the court in condemnation proceedings by section 1255 of the Code of Civil Procedure, which provides that in proceedings to condemn land "costs may be allowed or not, and if allowed may be apportioned between the parties on the same or adverse sides, in the discretion of the court," is limited by section 14 of article I. of the constitution, which provides that "private property shall not be taken or damaged for public use without just compensation having been first made." The court has only the power to determine what are proper and improper items of costs in such proceedings, but to disallow such as are improper, as in other cases.

ID. — BILL OF COSTS — NECESSARY DISBURSEMENT — EVIDENCE — APPEAL — REVERSAL OF ORDER APPORTIONING COSTS. — A verified bill of costs, properly filed. is *prima facie* evidence that the items thereof have been necessarily incurred; and where it appears upon an appeal by an owner of land from an order apportioning the costs, in a condemnation proceeding between the parties to the action, that such owner had in due time filed a verified bill of costs, and that no objection has been made on the ground that they were not proper costs necessarily incurred, the *prima facie* evidence must be taken as conclusive, and the order will be reversed and the trial court directed to award the owner such costs.

APPEAL from an order of the Superior Court of the City and County of San Francisco, apportioning costs between the parties to condemnation proceedings.

The facts are stated in the opinion of the court.

*Henry E. Highton,* for Appellants.

*John H. Durst,* for Respondent.

VANCLIEF, C. — This was a special proceeding in the superior court to condemn lands of the defendants for the widening of Mission Street in said city, in which judgment passed for plaintiff.

The appeal by the defendants is from an order apportioning the costs between the parties. Each party claimed costs and filed a verified memorandum of the items thereof. The items of plaintiff's memorandum are as follows: —

"Sheriff's fees.....................................$   9 00
Clerk's fees........................................   7 50
Jury fees...........................................  312 00

| | | | |
|---|---|---|---|
| Reporter's fees............................$140 | 00 | | |
| Notary's fees........................... | 2 | 00 | |
| Entering judgment........................... | 4 | 00 | |
| Constable's fees, serving fourteen subpœnas... | 5 | 00 | |
| Sheriff in charge of jury....................... | 3 | 00 | |
| Two meals for sheriff and jury............... | 13 | 00 | $495 50 |

WITNESS FEES.

| | | | |
|---|---|---|---|
| Dr. Confell, two dates of attendance......... | 4 | 00 | |
| Mertens, two dates of attendance.............. | 4 | 00 | |
| Lewis, fifteen dates of attendance.............. | 30 | 00 | |
| Von Rhein, two dates of attendance......... | 4 | 00 | |
| Magee, one date of attendance................. | 2 | 00 | |
| Chester, six dates of attendance............... | 12 | 00 | |
| Robinson, four dates of attendance........... | 8 | 00 | |
| J. J. Haley, four dates of attendance........ | 8 | 00 | |
| Quinn, four dates of attendance............... | 8 | 00 | |
| Russell, two dates of attendance............... | 4 | 00 | |
| Cody, fifteen dates of attendance.............. | 30 | 00 | |
| Stern, one date of attendance.................. | 2 | 00 | |
| Lowell, two dates of attendance............... | 4 | 00 | |
| Baldwin, two dates of attendance.............. | 4 | 00 | $124 00 |

$619 50"

The items claimed by defendants are the following:—

| | | |
|---|---|---|
| "Sheriff's fee.......................................$ | 3 | 00 |
| Clerk's fees, trial fees........................... | 4 | 00 |
| Jury fees, thirteen days at $24 per day * * * | 312 | 00 |
| Reporter's fees, fourteen days at $10 per day * * * | 140 | 00 |
| Notary's fees * * * ........................... | 3 | 00 |
| Clerk's fees, entry of judgment............... | 4 | 00 |
| Serving subpœnas, 12 * * * ................. | 6 | 00 |
| Two meals for jury on Oct. 3, 1891........... | 13 | 00 |

WITNESS FEES.

| | | |
|---|---|---|
| A. T. Penebsky, * * ........................$ | 4 | 00 |
| Dr. C. A. Clinton, * * ...................... | 2 | 00 |
| John Grabolle, * * ........................... | 2 | 00 |
| J. W. Fish, * * ............................... | 4 | 00 |

J. C. Zignago, * * ................... ...........$   2 00
Wm. Byrnes, * * .............................   2 00
P. Isola, * * ....................................   4 00
Fred'k W. Deiling, * * .......................   2 00
Thos. Moran, * * .............................   2 00
John McCarthy, * * ...........................   2 00
Michael Fay, * * ...............................   2 00
Daniel I. Newkirk, * * .......................   2 00

$515 00'·

Besides objecting generally to plaintiff's cost bill on the ground that plaintiff was not entitled to recover any cost, the defendants filed special written objections to each item thereof on various other grounds; but no objection appears to have been made by plaintiff to any item of defendant's bill, on the ground that it had not been necessarily expended or incurred by defendants in the proceeding.

It appears that on the morning of each day during the trial, each party, in obedience to a rule of court, deposited with the clerk the full amount of the fees of the reporter and the jury for one day, viz., $34; and, at the close of the trial, occupying thirteen days, the deposits of each party amounted to $442.

The order of the court appealed from was, in effect, that each party pay one half of the fees of the jury and reporter ($221), and, with this exception, that neither party recover any cost from the other. The effect of the order upon the appellants is to compel them to pay one half of the jury and reporter's fees, and the whole of all other costs incurred solely by them, which amount to $267, composed of the following items: One half of the jury and reporter's fees, $221; sheriff's fees, $3; clerk's fees, $4; notary's fees, $3; serving subpoenas on twelve witnesses, $6; fees of twelve witnesses for defendants, $30. All other costs to be borne by the plaintiff.

Counsel for appellants contend that respondent should have been required to pay not only its own costs, but all proper costs of the defendants; because to subject the defendants to payment of any portion of the costs is an infringement of their constitutional right to full and just compensation for the taking and damaging of their lands.

As a general proposition, applied to proper costs incurred in good faith, I think this point should be sustained.

Section 1255 of the Code of Civil Procedure, however, provides that in proceedings to condemn property for public use "costs may be allowed or not, and if allowed may be apportioned between the parties on the same or adverse sides, in the discretion of the court"; and it is claimed by respondent that the order of the court below, allowing and apportioning the costs, was a proper exercise of the discretionary power conferred by this section.

But this power must be limited by section 14 of article I. of the constitution, which provides that "private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner." In proceedings to condemn, the burden of proving the compensation to which they are entitled is cast upon the defendants, who are also entitled to contest the material allegations of the complaint. To require the defendants in this case to pay any portion of their costs necessarily incidental to the trial of the issues on their part, or any part of the costs of the plaintiff, would reduce the just compensation awarded by the jury, by a sum equal to that paid by them for such costs.

As a result of the authorities upon this point, Mr. Lewis, in his work on Eminent Domain, section 559, says: "It seems to us that courts should be guided by the following principles and considerations in the matter: By the constitution the owner is entitled to just compensation for his property taken for public use. He is entitled to receive this compensation *before* his property is taken or his possession disturbed. If parties cannot agree upon the amount, it must be ascertained in the manner provided by law. As the property cannot be taken until the compensation is paid, and as it cannot be paid until it is ascertained, the duty of ascertaining the amount is necessarily cast upon the party seeking to condemn the property, and he should pay all the expenses which attach to the process. Any law which casts this burden upon the owner should, in our opinion, be held to be unconstitutional and void."

In the *Matter of the New York W. S. & B. R. R. Co.*, to condemn lands of Walsh and others (94 N. Y. 287), the question

was whether the company was entitled to recover costs from the owners of the land condemned, and upon this point the court of appeals, by Rapallo, J., said: "In such a case to compel the land-owners to pay any part of the expenses incurred by the company for the purpose of ascertaining the compensation . . . . would conflict with the constitutional right of the land-owners to just compensation. They are entitled to the full amount of their damages when finally ascertained, and this amount cannot be diminished by allowing to the company its own expenses incurred in ascertaining it, or in endeavoring to reduce it . . . . and a case may be supposed where the costs and expenses of the company would absorb a large part, or even the whole of the award. There is no warrant in the statute for awarding such costs, and if there were it would be a violation of the constitutional right of the land-owner." (See also *Chicago & M. K. Co.* v. *Bull,* 20 Ill. 218.)

No doubt the court has power to determine what are proper and what are improper items of cost in proceedings of this kind, and to disallow such as are improper, as in other cases. For example, unnecessary expenditures, made in bad faith, for the purpose of increasing the costs or obstructing the proceeding are not properly taxable as costs and may be disallowed; and cases may possibly arise in which a portion of the expense of the party seeking to condemn may be properly charged and apportioned to the land-owner, on the ground that such expense was caused and incurred only by reason of unnecessary obstructive proceedings of the latter, interposed in bad faith; but no question as to these matters is involved in this appeal. The verified bill of costs filed by the appellant was *prima facie* evidence that the items thereof had been necessarily incurred; and since no objection was made in the trial court, nor here, on the ground that they were not proper costs necessarily incurred, the *prima facie* evidence must be taken as conclusive for the purpose of this appeal.

I think appellants are entitled to recover their costs amounting to $267, composed of the items as above stated; that the order appealed from should be reversed, and the court below directed to enter an order in accordance with this opinion.

Temple, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed, and the court below is directed to enter an order in accordance with this opinion.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.