[Sac. No. 1986. In Bank.—May 31, 1913.]

## THE SAN JOAQUIN & KINGS RIVER CANAL & IRRIGATION COMPANY, Incorporated (a Corporation), Appellant, v. JAMES J. STEVINSON (a Corporation), et al., Respondents.

EMINENT DOMAIN—PLAINTIFF NOT ENTITLED TO COSTS ON SUCCESSFUL APPEAL—APPEAL INVOLVING RIGHT OF PLAINTIFF TO MAINTAIN ACTION OF CONDEMNATION.—The general rule that a plaintiff in a condemnation suit who is successful on an appeal to the supreme court, is not entitled to recover costs on the appeal against his losing opponent, applies not only to cases in which the amount of the award is in issue, but also to cases where the right of the plaintiff to maintain the action at all is the matter involved in the appeal.

ID.—RULE OF COURT CANNOT CONTRAVENE CONSTITUTIONAL RIGHT OF LANDOWNER.—No rule of court, however general its terms may be for the allowance of costs to a successful appellant, may contravene a privilege based upon the constitutional right of the landowner.

ID.—REMITTITUR—ERRONEOUS DIRECTION FOR COSTS—RECALLING REMITTITUR FOR CORRECTION—MOTION BY SINGLE DEFENDANT.—Where a judgment for the defendants in a condemnation suit is reversed on appeal by the plaintiff, the clerk is not authorized to insert in the *remittitur* a direction that the appellant recover the costs on appeal. If he does so, the proper remedy is to move to recall the *remittitur* and to strike therefrom the words with reference to the imposition of costs. Such correction, although moved for by only one of several defendants, will be made as to all.

MOTION for the recall of a Remittitur and to strike therefrom a direction that the appellant recover costs on appeal.

. The facts are stated in the opinion of the court. The opinion reversing the judgment on which the remittitur issued is reported in 164 Cal. 221, [128 Pac. 924].

Frank H. Short, F. G. Ostrander, and Edward F. Treadwell, for Appellant.

J. C. Campbell, for James J. Stevinson, Respondent.

H. A. V. Torchiana, and W. B. Bunker, for W. D. and J. R. Adams, Respondents.

James F. Peck, for East Side Canal and Irrigation Co., Respondent.

MELVIN, J.—The San Joaquin & Kings River Canal & Irrigation Company was plaintiff in a condemnation suit in which petitioner James J. Stevinson and others were defendants. The superior court, at the conclusion of the testimony offered by plaintiff granted a motion for nonsuit by defendants, and gave judgment accordingly. On appeal, the judgment was reversed, the opinion which was filed concluding with the words "The judgment is reversed." In preparing the *remittitur,* the clerk of this court, following our rule XXIII, [160 Cal. liii, 119 Pac. xiii], added to the quoted words, "Appellant to recover costs on appeal." This is a motion by James J. Stevinson (a corporation) to recall the *remittitur* and strike therefrom the words with reference to the imposition of costs, upon the ground that rule XXIII has no application to a case like this and that plaintiff in a condemnation suit who is successful on an appeal to this court is not thereby given costs against his losing opponent as in other cases.

Plaintiff concedes the general rule that a defendant in such a suit is not subject to costs, as is well established by such cases as *San Diego Land & Town Co.* v. *Neale,* 88 Cal. 67, [11 L. R. A. 604, 25 Pac. 977]; *San Francisco* v. *Collins,* 98 Cal. 263, [33 Pac. 56], but insists that it is only applicable to cases in which the amount awarded is in issue; that in this case in which costs were allowed against the losing party, petitioner had denied the authority of plaintiff to condemn its property at all, and the same view having been erroneously

taken by the lower court, the cost of securing a correct ruling on appeal should not be borne by the plaintiff. In this behalf the plaintiff cites *Mathews* v. *Droud,* 114 Ind. 268, [16 N. E. 599] ; but in that case the constitutionality of the imposition of costs was neither raised nor discussed. These defendants had a perfect right to question the authority of plaintiff to maintain such an action. Their right in the suit was not limited merely to the production of evidence tending to establish the amount of their damage, nor is their claim to costs sustainable only upon an appeal from a judgment awarding damages. In *San Diego Land etc. Co.* v. *Neale,* 88 Cal. 67, [11 L. R. A. 604, 25 Pac. 977], defendant had appealed from an order granting a new trial after a judgment awarding damages. On appeal plaintiff was successful and the order granting a new trial was affirmed, yet the appealing defendant was awarded costs upon constitutional grounds. We think the rule is equally applicable where the right to maintain the action at all is the matter involved on appeal. It is true that expenditures of a defendant made in bad faith and for purposes of obstruction may be disallowed (*San Francisco* v. *Collins,* 98 Cal. 263, [33 Pac. 56]), but no question of bad faith is here presented.

Plaintiff contends that rule XXIII being general in its terms, the court has no jurisdiction to grant the relief sought; but no rule, however general, may contravene a privilege based upon the constitutional right of the landowner.

The remedy sought is the correct one. James J. Stevinson could not be held limited to the motion for rehearing as a means of calling this matter to the court's attention, for the very good reason that the *remittitur* had not then been prepared. The striking from the *remittitur* of the words erroneously added by the clerk is the suitable method of correction. (*Baker* v. *Southern California Ry. Co.,* 130 Cal. 114, [62 Pac. 302].)

The defendants other than James J. Stevinson have not joined in this motion and plaintiff insists that therefore they are entitled to no relief. This motion is made for the purpose of having the *remittitur* express the judgment actually given; to grant it in part and to refuse it in part would be to make another judgment still different from that which was

declared. In such a proceeding· as this of course we may not do anything of the sort.

It is ordered that the *remittitur* heretofore issued be recalled and a correct *remittitur* issued in its place, omitting the words "Appellant to recover costs of appeal."

Henshaw, J., Lorigan, J., Shaw, J., Angellotti, J., and Sloss J., concurred.