[S. F. No. 6250. In Bank.—March 16, 1916.]

## CITY OF OAKLAND (a Municipal Corporation), Respondent, v. PACIFIC COAST LUMBER AND MILL COMPANY (a Corporation), Appellant.

Eminent Domain — Constitutional Law — Owner's Liability for Costs of Trial.—In view of the provision of section 14 of article I of the state constitution that "private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner," the owner whose property is thus sought to be taken cannot be required to pay any portion of his reasonable costs necessarily incidental to the trial of the issues on his part, or any part of the costs of the plaintiff, for to require him to do this would reduce the just compensation awarded by the jury by a sum equal to that paid by him for such costs.

Id.—Appeal by Party Seeking to Condemn—Refusal of Judgment—Owner not Liable for Costs of Appeal.—On a successful appeal by the party seeking to condemn, the judgment in favor of the owner being reversed, such constitutional provision precludes the recovery by the party seeking to condemn of its costs of appeal.

Id.—Unsuccessful Appeal by Owner—Owner Liable for Costs of Appeal.—Such constitutional provision does not prohibit the imposition on the owner of the costs of an entirely unsuccessful appeal taken by him from a judgment of condemnation.

Id.—Costs on Appeal—Applicability of General Statute.—Section 1027 of the Code of Civil Procedure, providing that "the prevailing party on appeal shall be entitled to his costs excepting when judgment is modified, and in that event the matter of costs is within the discretion of the appellate court," is applicable to all appeals, except in so far as it may be inconsistent with other provisions of law applicable to certain proceedings, and except also as it may be limited in its application to proceedings in eminent domain by such constitutional provision.

Id.—Absence of Special Direction for Costs—Prevailing Party Entitled to—Remittitur.—On such an unsuccessful appeal by the owner, in the absence of any direction by the appellate court, as to costs, or any exercise of its discretionary power to make a special provision as to costs under section 1255 of the Code of Civil Procedure, the prevailing party is entitled to his costs on appeal, and a direction for their recovery is properly embodied in the *remittitur.*

Id. — Power of Supreme Court Over Remittitur — Modification of Final Judgment.—The supreme court, while it has the power at any time to recall a *remittitur* that, through mistake, etc., of the

clerk, does not correctly state the judgment actually rendered by the court, has no power after its judgment becomes final, to' change or modify the judgment actually given.

APPLICATION to recall a Remittitur.

The facts are stated in the opinion of the court.

W. H. H. Hart, and Snook & Church, for Appellant.

Ben F. Woolner, City Attorney, Paul C. Morf, City Attorney, Charles A. Beardsley, Assistant City Attorney, and John J. Earle, Deputy City Attorney, for Respondent.

ANGELLOTTI, C. J.—This was an action in eminent domain. The jury's award of damages was not acceptable to defendant, which appealed from the judgment of the superior court, and the order denying its motion for a new trial. On December 6, 1915, the judgment and order were affirmed by this court. The judgment by this court gave no direction as to costs. In the *remittitur* issued by the clerk of this court on January 6, 1916, there was inserted, as is done where there is no reversal or modification by this court of the judgment or order appealed from, and there is no direction by this court to the contrary, the words "respondent to recover costs of appeal." We have here a motion for an order recalling this *remittitur*, striking therefrom the words "respondent to recover costs of appeal," and inserting in lieu thereof a direction that the appellant have and recover its costs on appeal. The ground of the motion is substantially that the provision as to costs, inserted by the clerk without any special express direction by the court, is in violation of the constitution of the state, particularly of section 14 of article I thereof, and in contravention of the laws of the state of California. This claim is based on the fact that the action is one for the condemnation of private property of appellant for public use, on account of which it is urged that appellant is entitled as a matter of right to its costs on appeal, notwithstanding that such appeal was held to be without merit.

It is settled law in this state that, in view of the provision of section 14 of article I of our constitution that "private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court

for, the owner,'' the owner whose property is thus sought to
be taken cannot be required to pay any portion of his reason-
able costs necessarily incidental to the trial of the issues on
his part, or any part of the costs of the plaintiff, for to require
him to do this would reduce the just compensation awarded
by the jury by a sum equal to that paid by him for such costs.
This was held to be the rule as to the costs in the superior court
in the case of *San Francisco* v. *Collins et al.,* 98 Cal. 259, [33
Pac. 56], where the trial court, following the provisions of
section 1255 of the Code of Civil Procedure, had apportioned
such costs between the parties on adverse sides.    Said section
1255, specially applicable to actions in eminent domain, pro·
vided as it still provides, that ''costs may be allowed or not,
and if allowed, may be apportioned between the parties on
the same or adverse sides, in the discretion of the court.''
It was held that this section was limited in its effect by the
provision of section 14 of article I of the constitution, here-
inbefore set forth, and the order of the superior court was
reversed.    It is not questioned that this ruling was in accord
with the decisions in other states, and its correctness has never
been doubted.    In *San Joaquin & Kings River etc. Co.* v.
*Stevinson,* 165 Cal. 540, [132 Pac. 1021], it was held that on
a successful appeal by the party seeking to condemn, the judg·
ment in favor of the owner being reversed, the constitutional
provision precluded the recovery by the party seeking to con-
demn of its costs of appeal.    This ruling was in accord with
the overwhelming weight of authority in other jurisdictions,
and we see no reason to doubt its correctness.    But it does not
determine the question presented on this motion, viz., whether
on an appeal by *the owner* to an appellate court, which is
entirely unsuccessful, the costs of the appeal may be imposed
on the owner, in view of the constitutional provision referred
to.    This precise question has never been determined by this
court, as we read the opinions.

Section 1027 of the Code of Civil Procedure, one of the
general provisions of our law relative to costs, provides that
''the prevailing party on appeal shall be entitled to his costs
excepting when judgment is modified, and in that event the
matter of costs is within the discretion of the appellate court.''
This provision is applicable to all appeals, except in so far
as it may be inconsistent with other provisions of our law
applicable to certain proceedings, and except also as it may

be limited in its application to proceedings in eminent domain by the constitutional provision already referred to. We have already quoted section 1255 of the Code of Civil Procedure, specially applicable to such proceedings, the effect of which it may be conceded, in view of the decision in *San Diego Land etc. Co.* v. *Neale,* 88 Cal. 50, 67, [11 L. R. A. 604, 25 Pac. 977], is to authorize an appellate court, *in its discretion,* to require the condemning party, on an unsuccessful appeal by the land owner, to pay the costs of the appeal. In that case the court said: "Whatever may be the constitutional rights of the parties, we think, in this case, under section 1255, that it will be a proper exercise of discretion to require the company to pay costs," and it was accordingly ordered, in affirming the order appealed from, that the court below tax the costs of the appeal against the condemning party. There may be some ground to doubt whether section 1255 of the Code of Civil Procedure, was intended to apply to costs other than those incurred in the trial court. This question does not appear to have been discussed in the case last cited. We assume, however, in view of the decision in that case, that it does authorize such action as was had therein. But in the absence of any direction by the appellate court as to costs, in the absence of any exercise of its discretionary power to make a special provision as to costs, it is plain that the general rule enunciated in section 1027 of the Code of Civil Procedure, that the prevailing party on appeal shall be entitled to his costs excepting when judgment is modified, obtains, in so far as it is not limited by the constitutional provision relied on.

We have, then, a statute purporting to allow the party seeking condemnation his costs on appeal, if such party prevails on the appeal and the judgment is not modified, and the appellate court makes no special direction as to costs. Is this violative of the constitutional provision in a case like the one before us, a case where the owner appeals and his appeal is entirely unsuccessful?

In his work on Eminent Domain (3d ed., sec. 812), Mr. Lewis states the rule adopted by the overwhelming weight of authority as to the effect of such a constitutional provision in this regard, as follows: "When the compensation has once been ascertained by a competent tribunal, at the expense of the condemning party, the law has done all for the owner

which the constitution requires. If the owner is given a
right of appeal or review, it may be upon such terms as to
costs as the legislature may deem just. But if the statute
gives the *condemning party* a right of appeal, it cannot cast
the costs upon the owner if the assessment is reduced.''
Again, he says: ''Where the owner is dissatisfied with the
amount of damages awarded him in the first instance, and
takes an appeal or other proceeding to have a re-assessment
of the damages, it is usual to provide that he shall pay the
costs of the appeal if he fails to secure an increase of dam-
ages, and such provisions are proper and valid'' (sec. 815),
and as to this we find no case in which the contrary is actu-
ally decided. Directly in point on this proposition are *Kit-
sap Co.* v. *Melker,* 52 Wash. 49, [100 Pac. 150] ; *State* v. *Dis-
trict Court (In re Board Park Commrs.),* 87 Minn. 268, [91
N. W. 1111] ; *Washburn* v. *Milwaukee etc. Co.,* 59 Wis. 364,
[18 N. W. 328], and *Vice* v. *Eden,* 113 Ky. 255, [68 S. W.
125]. What Mr. Lewis says in section 815 was approvingly
quoted in *Los Angeles etc. Ry. Co.* v. *Rumpp,* 104 Cal. 20,
[37 Pac. 859], in reply to the claim that a portion of section
·1254 of the Code of Civil Procedure, was in violation of the
constitutional provision relied on. It was provided in said
section that ''in all cases where a new trial has been granted
upon the application of the defendant, and he has failed
upon such trial to obtain greater compensation than was
allowed him upon the first trial, the costs of such new trial
shall be taxed against him.'' It was held that the provision
was valid. This decision is, in principle, directly in point.
Where the appeal is by the *party seeking to condemn* an en-
tirely different situation is presented, as to which there is
some conflict in the authorities, but the great weight of au-
thority sustains the view expressed in Lewis on Eminent Do-
main (3d ed., sec. 815), to the effect that such a constitutional
provision precludes the imposition of costs of appeal in such
a case upon the land owner, whatever the outcome of the ap-
peal. This is on the theory that no act of the land owner,
who is presumptively entitled to the amount of the first
award, forces the condemning party to appeal, that if he
chooses to do so his appeal becomes merely another step in
the process of ascertaining the just compensation, and that
an appeal by him is a continuation of the proceedings insti-

tuted by him to ascertain the compensation payable to land owners and to acquire their land against their will. Most of the cases cited by learned counsel for appellant refer to appeals by the condemning party, and are therefore not in point here. This is true of our own case of *San Joaquin etc. Co. v. Stevinson,* 165 Cal. 540, [132 Pac. 1021], particularly relied on by them. The appeal there was by the condemning party, and the decision was strictly in accord with the rule as enunciated in Lewis on Eminent Domain. In *San Diego etc. Co.* v. *Neale,* 88 Cal. 50, [11 L. R. A. 604, 25 Pac. 977], the constitutional question was not decided, the decision being based entirely on section 1255 of the Code of Civil Procedure. We repeat that we find no case in which it is decided that a recovery by the condemning party of his costs on an unsuccessful appeal by the land owner, when such recovery is authorized by statute, is precluded by such a constitutional provision. We are satisfied that it must be held that the contrary was practically decided by this court in *Los Angeles etc. Ry. Co.* v. *Rumpp,* 104 Cal. 20, [37 Pac. 859]. We are further satisfied that the rule in this regard is correctly stated in the quotation from Lewis on Eminent Domain contained in the opinion in that case.

In view of what we have said it is apparent that the provision in the *remittitur* "respondent to recover costs of appeal," was in accord with the law, which gave to the respondent its costs.

It is suggested that if we conclude that the claim of appellant on the matter we have discussed is untenable, we shall nevertheless award costs of appeal to it in the exercise of the discretionary power conferred on the court by section 1255 of the Code of Civil Procedure. This, however, we now have no power to do. The decision on the appeal was filed December 6, 1915, and became absolutely final and beyond our control thirty days thereafter, some weeks prior to the filing of the notice of motion herein. To now attempt to make any such provision would be to attempt to modify the judgment actually given on December 6, 1915. We have the power at any time to recall a *remittitur* that, through mistake, etc., of the clerk, does not correctly state the judgment actually rendered by the court, but we have no power after our judgment becomes final, to change or modify the judgment actually given.

The motion of appellant that the *remittitur* be recalled is denied.

Shaw, J., Sloss, J., Melvin, J., Henshaw, J., and Lawlor, J., concurred.