[S. F. No. 9710. In Bank.—March 6, 1922.]

YOLO WATER AND POWER COMPANY (a Corporation), Appellant, v. WILLIAM O. EDMANDS et al., Respondents.

[1] Condemnation of Land — Costs — Exemption — Constitutional Law—Abandonment of Suit.—The principle upon which a defendant in a condemnation suit is exempted from the payment of costs is that he is entitled, under the constitution, to the full value of his land without diminution by any costs reasonably incurred by him in good faith in the defense of the action; but this principle does not at all apply to a case where the plaintiff desires to abandon his suit and asks leave of the court to do so,

1. Liability of land owner for costs on appeal in eminent domain proceedings, notes, **Ann. Cas. 1912C, 533; Ann. Cas. 1916E, 692; Ann. Cas. 1917E, 262.**

whereupon objection is made by the defendant and plaintiff is compelled to proceed to judgment and to obtain his leave to withdraw his suit by means of an appeal.

MOTION to recall and correct the *remittitur* in an action in the Superior Court of Mendocino County to condemn land. J. Q. White, Judge. Motion denied.

The facts are stated in the opinion of the court.

Theodore A. Bell, Arthur C. Huston and W. P. Thomas for Appellant.

John S. Partridge, H. E. Witherspoon and John W. Preston for Respondents.

SHAW, C. J.—This is a motion to recall the *remittitur* heretofore issued in the action after the decision by the district court of appeal of the third appellate district, and to correct the same by striking therefrom the words "appellant to receive costs." The motion was originally made in said district court of appeal, and after decision in that court was brought to this court for rehearing.

The action was begun in the superior court for the purpose of condemning a large body of land situated on the shores of Clear Lake, in Lake County, for the purpose of having the water level of Clear Lake raised so as to cover said land and cause the water impounded thereby to be used for public distribution and sale. A large part of the land sought to be condemned was situated below the high-water mark of the lake. Before the trial began the plaintiff asked leave to amend its complaint by striking out of the description of the land to be condemned all that portion thereof lying below said high-water mark, containing some 472.65 acres. Upon the objection of the defendant the superior court refused to allow plaintiff so to amend its complaint and withdraw said land from the proceedings in condemnation. Thereupon, the cause proceeded to trial, and a jury allowed the defendants a large sum of money as the value of the land so sought to be withdrawn, and judgment was given accordingly. From this judgment the plaintiff appealed to the district court of appeal of the third appellate district. The main ground of the appeal

was that the court erred in refusing leave to amend the complaint by striking the above-mentioned land from the description therein. That court sustained the point and reversed the judgment solely for that reason. This judgment was in the following words: "The judgment is reversed and the trial court is directed to permit the plaintiff to amend its complaint." (*Yolo W. & P. Co.* v. *Edmands,* 50 Cal. App. 444 [195 Pac. 643].)

Thereupon, following rule XXIII of this court (177 Cal. liv [176 Pac. xi]), the clerk entered upon the record and inserted in the *remittitur* a judgment that the appellant recover the cost of appeal. The motion to strike this clause from the judgment is based on the rule laid down in *San Joaquin etc. Irr. Co.* v. *Stevinson,* 165 Cal. 540 [132 Pac. 1021], and other similar cases, holding that the land owner in a condemnation suit is entitled, under the constitution, to the full value of his land as allowed by the jury and that he cannot be made liable for the costs of a successful appeal taken by the plaintiff in the action for errors in the procedure in the course of the trial. In the case just cited a simple judgment of reversal had been entered, and the clerk, following the same rule, had entered judgment in favor of the appellants for costs and included such judgment in the *remittitur.* This court in that case held that the rule did not apply in condemnation cases under the circumstances there appearing. In that case the plaintiff sought to condemn water supposed to belong to defendant. The court below granted a nonsuit chiefly on the ground that the water proposed to be taken by the plaintiff was not to be devoted to any public use. On appeal the supreme court decided that this point was not well taken and that the plaintiff was entitled to condemn such water. On the motion to correct the *remittitur* and judgment the court held that the defendants had a right to make the objection, and that they should not be subjected to costs for having made it erroneously. It is claimed that this rule is decisive of the present case.

We think the present case is easily distinguishable from that case. Here the appellant had originally sought to condemn a large body of land which it afterward sought to withdraw from the suit. In effect it asked leave of the court to dismiss its action with respect to that land. The

defendants, for purposes of their own, objected to this request and succeeded in inducing the court below to refuse it. The objection was essentially different from the one in the Stevinson case. There the plaintiff was seeking to condemn the property and the defendant claimed he was not entitled to do so. Here the plaintiff seeks to abandon his suit to condemn and the defendants insisted that he should persist therein. On the appeal it was declared that the plaintiff had a right to abandon its action and therefore that the defendant had no right to object to such dismissal. [1] The principle upon which a defendant in a condemnation suit is exempted from the payment of costs is that he is entitled, under the constitution, to the full value of his land without diminution by any costs reasonably incurred by him in good faith in the defense of the action. The principle does not at all apply to a case where the plaintiff desires to abandon his suit and asks leave of the court to do so, whereupon objection is made by the defendant and plaintiff is compelled to proceed to judgment and to obtain his leave to withdraw his suit by means of an appeal. The fault for that appeal lies wholly with the defendant, who causelessly insisted upon the plaintiff continuing the prosecution of the action which he desired to dismiss. No principle of justice and no constitutional provision require that the defendant be exempted from the costs caused by him in a proceeding because of an objection of that character.

The motion to correct *remittitur* is denied.

Waste, J., Sloane, J., Lawlor, J., Wilbur, J., Shurtleff, J., and Richards, J., *pro tem.*, concurred.