[Civ. No. 14402. Second Dist., Div. Two. Feb. 14, 1945.]

HOUSING AUTHORITY OF THE CITY OF LOS ANGELES, Plaintiff and Respondent, v. THEODORE PIRRONE, as Executor, etc. et al., Defendants; FANNY R. CUNNINGHAM, Appellant; FLORENCE M. ENRIGHT, as Special Administratrix, etc. et al., Defendants and Respondents.

John F. Poole for Appellant.

Faries & McDowell, W. M. Greathouse and Leo Goodman for Respondents.

WOOD (W. J.), J.—In this action in eminent domain the court in its judgment made no order concerning costs but the clerk inserted in the remittitur which was issued on October 27, 1944, the words "respondents to recover costs on appeal." We have now before us a motion presented by appellant to recall the remittitur and to strike therefrom the order concerning recovery of costs.

Appellant was made a party defendant in the action commenced by respondent Housing Authority and she filed an answer claiming title in herself to property sought to be condemned. ▮▮▮ The trial court adjudged that another party defendant was the owner of the property and that appellant had no right, title or interest therein. On appeal we affirmed this judgment. Appellant relies upon the rule that in condemnation proceedings the owner whose property is sought to be taken cannot be required to pay any portion of his reasonable costs incidental to the trial because such requirement would reduce the just compensation to which he is entitled. (*San Francisco* v. *Collins,* 98 Cal. 259 [33 P. 56].) In *Oakland* v. *Pacific Coast Lumber etc. Co.,* 172 Cal. 332 [156 P. 468, Ann.Cas. 1917E 259], the appellant was dissatisfied with the amount of damages which had been awarded and prosecuted an appeal from the judgment. The appeal was entirely unsuccessful and the court held that the condemning party was entitled to its costs on appeal. In the matter now before us the party presenting the motion prosecuted an unsuccessful appeal in which it was held that she was not even an owner of the property being condemned. The rule relied upon by appellant has no application to parties who have no interest in the subject matter of the litigation.

The respondents who contested appellant's claim of ownership are clearly entitled to costs on appeal.

The motion is denied.

Moore, P. J., and McComb, J., concurred.