[Civ. No. 18453. Second Dist., Div. Two. Apr. 5, 1951.]

THE O. T. JOHNSON CORPORATION (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Cosgrove, Cramer, Diether & Rindge for Petitioners.

Harold W. Kennedy, County Counsel and William E. Lamoreaux, Deputy County Counsel for Respondent.

Clyde Woodworth, City Attorney, and Robert E. Rosskopf for City of Inglewood, Real Party in Interest.

McCOMB, J.—This is a petition for a writ of review to annul (1) "Order fixing security for immediate possession," and (2) "Order for immediate possession" of real property belonging to petitioners.

In the petition it is alleged that petitioners are the owners of certain real property located in the city of Inglewood; that the city of Inglewood commenced an action against petitioners seeking to have their real property condemned for the purpose of *drilling a water well* upon said property and the right *to take water* from the land sought to be condemned; that thereafter respondent made an "order fixing security for immediate possession," and an "order for immediate possession."

■ *Question: Does the Constitution of the State of California confer power upon the Superior Court to grant immediate possession on the filing by a municipality of a complaint in condemnation for the purpose of drilling a water well and the right to take water from the land sought to be condemned?*

*No.* The section of the state Constitution conferring the right of the court to order immediate possession of property taken in an eminent domain action is article I, section 14 which reads as follows:

"Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner, and no right of way or lands to be used for reservoir purposes shall be appropriated to the use of any corporation, except a municipal corporation or a county or the State or metropolitan water district, municipal utility district, municipal water district, drainage, irrigation, levee, reclamation or water conservation district, or similar public corporation until full compensation therefor be first made in money or ascertained and paid into court for the owner, irrespective of any benefits from any improve-

ment proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in a court of record, as shall be prescribed by law; *provided,* that in any proceeding in eminent domain brought by the State, or a county, or a municipal utility district, municipal water district, drainage, irrigation, levee, reclamation or water conservation district, or similar public corporation, the aforesaid State or municipality or county or public corporation or district aforesaid may take immediate possession and use of any right of way or lands to be used for reservoir purposes, required for a public use whether the fee thereof or an easement therefor be sought upon first commencing eminent domain proceedings according to law in a court of competent jurisdiction and thereupon giving such security in the way of money deposited as the court in which such proceedings are pending may direct, and in such amounts as the court may determine to be reasonably adequate to secure to the owner of the property sought to be taken immediate payment of just compensation for such taking and any damage incident thereto, including damages sustained by reason of an adjudication that there is no necessity for taking the property, as soon as the same can be ascertained according to law. The court may, upon motion of any party to said eminent domain proceedings, after such notice to the other parties as the court may prescribe, alter the amount of such security so required in such proceedings. The taking of private property for a railroad run by steam or electric power for logging or lumbering purposes shall be deemed a taking for a public use, and any person, firm, company or corporation taking private property under the law of eminent domain for such purposes shall thereupon and thereby become a common carrier.''

A reading of the foregoing section discloses that the Constitution does not confer upon the court the right to order immediate possession of property in a condemnation proceeding when such property is being taken for the purpose of drilling a water well or taking water from the lands sought to be condemned.

Therefore the two orders here in question were beyond the jurisdiction of the trial court and were void. They are annulled.

Moore, P. J., and Wilson, J., concurred.