[Civ. No. 19129. Second Dist., Div. Two. Oct. 8, 1952.]

CITY OF INGLEWOOD, Respondent, v. THE O. T. JOHNSON CORPORATION (a Corporation) et al., Appellants.

Cosgrove, Cramer, Diether & Rindge and Leonard A. Diether for Appellants.

Clyde Woodworth, City Attorney, and Robert E. Rosskopf, for Respondent.

MOORE, P. J.—Defendants appeal from an order disallowing certain costs and disbursements incurred by them in connection with their preparations to defend an eminent domain

proceeding initiated by respondent. The action was abandoned before a time of trial had been fixed.

Shortly after the filing of the complaint which sought to condemn certain lands of defendants for a water well with the right to remove water therefrom, the lower court on the ex parte application of respondent made two orders enabling respondent to enter into immediate possession of the realty. On appellants' petition for a writ of review, this court annulled such orders. (*O. T. Johnson Corp.* v. *Superior Court,* 103 Cal.App.2d 278 [229 P.2d 849].) Abandonment of the proceedings having been declared, a judgment of dismissal was entered. Appellants thereupon filed their memorandum of costs and disbursements totaling $2,750.19. Included in such sum was $2,500 for attorney's fees and $245.19 for ''Services of Engineering Service Corporation, Los Angeles, in making survey and map of property sought to be condemned in order to plead to complaint.''

These two items were forthwith attacked by respondent and upon the hearing of its motion to tax costs, the trial court disallowed the cost of the survey and map and allowed only $750 for attorney's fees, concluding that appellants were not entitled to reimbursement for the expense of legal services incurred in the proceeding before the District Court of Appeal.

It is appellants' contention on this appeal that they are entitled to the sums now in dispute by virtue of section 1255a,* Code of Civil Procedure. Such statute provides that upon abandonment of a condemnation proceeding ''a judgment shall be entered . . . awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees.

---

*Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendants and filing in court a written notice of such abandonment; and failure to comply with such section 1251 of this code shall constitute an implied abandonment of the proceeding. Upon such abandonment, express or implied, on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; provided, however, that upon judgment of dismissal on motion of plaintiff, defendants, and each of them, may file a cost bill within thirty days after notice of entry of such judgment; that said costs and disbursements shall not include expenses incurred in preparing for trial where the said action is dismissed forty days prior to the time set for the trial of the said action.

These costs and disbursements, including expenses and attorney fees may be claimed in and by a cost bill. . . ." The only limitation on this right granted the defendants is that "said costs and disbursements shall not include expenses incurred in preparing for trial where the said action is dismissed forty days prior to the time set for the trial of the said action."

Pursuant to such section it was determined by the court below that the expense of the map and survey "was not necessary to enable defendants to plead to the complaint" but on the contrary was incurred in preparation for trial only, and hence was not allowable for the reason that a day was never fixed for a hearing of the controversy. Such determination was correct. ■ Appellants argue that the survey and map were necessary because it could not be ascertained from the complaint (1) whether the real property described therein was within the city limits of Inglewood, or (2) whether such property was a separate parcel or only a portion of a larger parcel of realty owned by defendants.

The answer to the first contention is that the complaint specifically alleged the property as "located in the City of Inglewood" and, further, set forth a complete legal description by metes and bounds with specific reference to section, range and township. Also, the absence of a declaration showing that the interest sought to be condemned was a separate parcel or part of a larger parcel could have been cured by means of a demurrer. Such an allegation is essential to a complaint in condemnation. (Code Civ. Proc., §§ 1244-5.) In fact appellants did interpose a demurrer on this ground, among others, and respondent's counsel confessed the demurrer to be well taken. It is true that the evidence introduced by appellants conclusively shows their need of a correct map of the premises under condemnation. Attorney Cosgrove testified that the complaint did not disclose whether the property was a separate parcel or a portion of a larger area; that it does not condemn a parcel, but condemns "a water right"; that it was "to take *whatever water* they could get at that point for municipal purposes, which would be part and parcel of the surrounding ground." The only evidence offered by respondents on the question was the conclusion of Mr. Rosskopf that there was no necessity for the preparation of a survey and map of the property to enable defendants to plead to the complaint. By virtue of their uncontradicted evidence appellants assert that because they acted in good faith in

causing the survey and map to be made (*Metropolitan Water Dist.* v. *Adams,* 23 Cal.2d 770, 773 [147 P.2d 6]) they are entitled to have their disbursements therefor taxed as costs. But because the needed information could have been obtained by presenting a demurrer, the court below was without error in declining to tax the expense of the map as costs.

Quite a different situation is presented by the court's refusal to tax as costs the outlay of appellants for counsel fees in filing and prosecuting a proceeding in the District Court of Appeal to review and annul the action of the superior court in making its orders for the immediate possession of the property to be condemned.

Respondent contends that the proceeding for the writ of review was "entirely independent of and collateral to" the condemnation proceeding and therefore the expense of such phase of the litigation cannot be recovered. Such contention is erroneous. Section 1255a places no limitation upon the extent of the expenses recoverable for legal services. ██ On the contrary, the purpose of the statute is to recompense the defendant for all expense which he is impelled to incur by reason of the condemnor's instituting the action and his subsequent failure to carry it through to conclusion, thereby depriving defendant, at the least, of any award for his property. (*City of Los Angeles* v. *Abbott,* 217 Cal. 184, 200 [17 P.2d 993].)

Respondent's demand for an order for immediate possession of the property was part and parcel of the condemnation action. The complaint set forth the city council's directive to the city attorney to take steps to obtain immediate possession. The complaint prayed for such possession and pursuant thereto respondent proceeded to obtain the necessary orders. This was an integral part of the proceeding. ██ Certainly, the statute contemplates that a defendant will take every reasonable and necessary step to protect his property rights. If in so doing he must initiate an original proceeding in an appellate court, he should be reimbursed for such expense when the condemnor frivolously, or otherwise, abandons the proceedings. Such expense proximately and directly results from the plaintiff's action and both the letter and spirit of the statute concerned establish his right to be made whole.

██ When the owner of property in a condemnation proceeding is forced to expend moneys to protect his property rights against a municipality, it is fair to require the repay-

ment of such expenditures. (*McPherson* v. *City of Los Angeles*, 8 Cal.2d 748, 752 [68 P.2d 707].)

Respondents have cited decisions listed in the annotation found in 31 American Law Reports 359-361 holding the contrary. But they come from other jurisdictions, do not involve facts akin to those here involved, and do not attempt to interpret such language as is found in section 1255a, *supra.*

■ The only testimony in the record on the value of the legal services rendered for appellants in effecting the annulment of the orders of the superior court by the District Court of Appeal is that such services were of the reasonable value of $1,000. In the absence of contradictory proof, the court below should have made a finding as to the reasonable sum to be allowed for appellants' counsel based upon the last mentioned testimony, the time necessarily consumed by appellants' counsel in the performance of their task, as well as their experience and learning, the importance of the matter, and the value of the land to be condemned. The only proof found in the record as to the value of appellants' land is the affidavit of respondent's special counsel, Robert Rosskopf, to the effect that its fair market value was appraised at $3,500.

It is therefore adjudged that the order retaxing costs be modified as follows: Strike the fifth sentence in the order beginning with ''the court further finds,'' and the balance of the order, and in lieu thereof substitute the following:

In order to fix the reasonable value of attorneys' fees to be allowed appellant, the court finds that the reasonable market value of appellants' property at the time of the filing of the action was $3,500; the time expended by appellants' counsel in their defense of the action and in obtaining a writ of review in the District Court of Appeal was 92 hours; that the reasonable value of services rendered by appellants' counsel in the defense of the action is $750; that the reasonable value of services rendered by appellants' counsel in prosecuting the proceedings for review in the District Court of Appeal is $1,000.

It is therefore ordered and adjudged that the costs are retaxed in the sum of $1,750.

As so modified, the judgment is affirmed.

McComb, J., and Fox, J., concurred.