[Civ. No. 10486.   Third Dist.   June 26, 1963.]

SACRAMENTO AND SAN JOAQUIN DRAINAGE DISTRICT ex rel. THE STATE RECLAMATION BOARD, Plaintiff and Appellant, v. THOMAS H. REED et al., Defendants and Respondents.

Stanley Mosk, Attorney General, Raymond H. Williamson and John M. Morrison, Deputy Attorneys General, for Plaintiff and Appellant.

McPherson & Mulkey and Jack M. McPherson for Defendants and Respondents.

THE COURT.—The Sacramento and San Joaquin Drainage District was the plaintiff-condemner in a condemnation action in which Thomas H. Reed and others were the defendants. The condemner appealed to this court from the judgment which fixed the amount of damages to be awarded. We reversed that portion of the judgment fixing severance damages and remanded the cause for a new trial on that issue. (215 Cal.App.2d 60 [29 Cal.Rptr. 847].) In preparing the remittitur the clerk of this court, following the mandate of rule 26(b) of California Rules of Court,* added the words "Appellant to recover costs." When this fact was brought to our attention, we on our own motion ordered that the remittitur be recalled for correction.

██ "A remittitur may be recalled and corrected by an appellate court when the clerk's entry of judgment for costs in the remittitur is improper, as where such entry is contrary to a constitutional provision. . . ." (*In re McGee*, 37 Cal. 2d 6, 8 [229 P.2d 780] ; see also Cal. Rules of court, rule 26(b).*)

██ The basic rule in eminent domain proceedings as to costs has been stated in *Heimann* v. *City of Los Angeles*, 30 Cal.2d 746, 752 [185 P.2d 597] :

"It has long been the rule that in a proceeding in eminent domain, the party seeking condemnation should be required to pay not only his own costs, but all proper costs of the owner of the land incurred in good faith. ██ The reason for the rule is stated in the case of *City & County of San Francisco* v. *Collins* (1893) 98 Cal. 259 [33 P. 56] at page 262:

" 'To require the defendants in this case to pay any portion of their costs necessarily incidental to the trial of the issues on their part, or any part of the costs of the plaintiff would reduce the just compensation awarded by the jury, by a sum equal to that paid by them for such costs. . . . As the property cannot be taken until the compensation is paid, and as it cannot be paid until it is ascertained, the duty of ascertaining the amount is necessarily cast upon the party seeking to condemn the property, and he should pay all the expenses which attach to the process. ██ Any law which casts this burden upon the owner should, in our opinion, be held to be unconstitutional and void.' See also *Yolo etc. Water Co.*

*Formerly Rules on Appeal, rule 26 (b).

v. *Edmands,* 188 Cal. 344 [205 P. 445]; *City of Oakland* v. *Pacific Coast Lumber etc. Co.,* 172 Cal. 332 [156 P. 468, Ann.Cas. 1917E 259]; *San Joaquin etc. Irr. Co.* v. *Stevinson,* 165 Cal. 540 [132 P. 1021]; 10 Cal.Jur. § 121, p. 432.'' (See also *Collier* v. *Merced Irr. Dist.,* 213 Cal. 554 [2 P.2d 790].)

This rule is applicable to costs after a successful appeal by the condemner. (*City of Stockton* v. *Vote,* 76 Cal.App. 369, 408 [244 P. 609]; see also *City of Oakland* v. *Pacific Coast Lumber etc. Co.,* 172 Cal. 332, 336-337 [156 P. 468, Ann.Cas. 1917E 259], a landowner's appeal, where the rule was recognized.)

In this case the failure to provide for the recovery of the costs by the condemnees was inadvertent; the matter was simply overlooked. This was not judicial error. Accordingly, it is proper to correct the remittitur. (*In re McGee,* 37 Cal.2d 6, 9 [229 P.2d 780].)

In the remittitur issued herein on June 11, 1963, the provision ''Appellant to recover costs'' is ordered stricken and in lieu thereof the remittitur shall provide: ''Respondents to recover costs.'' The remittitur shall issue as so amended.