[Civ. No. 21073. First Dist., Div. One. Mar. 4, 1964.]

DECOTO SCHOOL DISTRICT OF ALAMEDA COUNTY, Plaintiff and Respondent, v. M. & S. TILE COMPANY, Defendant and Appellant.

LeRoy A. Broun and Bernard M. King for Defendant and Appellant.

J. F. Coakley, District Attorney, Frank D. Parker, Assistant District Attorney, and James E. Jefferis, Deputy District Attorney for Plaintiff and Respondent.

MOLINARI, J.—Defendant in a condemnation action appeals from an order striking from its cost bill the item of $300 for attorney fees incurred in connection with a success-

ful appeal from a prior order of the court striking its cost bill for attorney's and appraiser's fees, upon the abandonment by plaintiff of the eminent domain proceedings pursuant to Code of Civil Procedure section 1255a.[1] ▉ The question presented is whether the provisions of section 1255a,[2] providing for an allowance of attorney's fees upon an abandonment of an eminent domain proceeding, include attorney fees incurred upon an appeal from an order retaxing such costs.

The case comes to us upon the following agreed statement of facts: On April 1, 1960, plaintiff filed an action in eminent domain seeking to condemn for public school purposes certain real property owned by defendant. On October 31, 1960, and within 40 days of the date set for pretrial conference, plaintiff filed a written notice of the abandonment of said action. Pursuant to stipulation of the parties a judgment of dismissal was entered on December 1, 1960. Thereafter, defendant filed a timely cost bill wherein it claimed $500 for an appraiser's fee and $1,500 for attorney fees. On December 5, 1960, plaintiff filed a motion to retax costs seeking to strike said items.[3] The motion was granted and both items were stricken by the trial court from the cost bill. Defendant filed a notice of appeal from said order. After the filing of defendant's opening brief and plaintiff's reply brief, a stipulation was entered into between the parties providing for a reversal of the order appealed from insofar as it related to the items of costs claimed by defendant.[4] Following the issuance of the

---

[1]An order taxing costs made after entry of judgment is a special order made after judgment from which an, appeal will lie. (Code Civ. Proc., § 963; *Lacey* v. *Bertone*, 33 Cal.2d 649, 654 [203 P.2d 755]; *Oak Grove School Dist.* v. *City Title Ins. Co.*, 217 Cal.App.2d 678, 711 [32 Cal.Rptr. 288].)

[2]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3]At the time said motion was filed and heard § 1255a, in pertinent part, read as follows: ''Upon such abandonment, ... a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; provided, however, ... that said costs and disbursements shall not include expenses incurred in preparing for trial where the said action is dismissed forty days prior to the time set for the trial of the said action.''

[4]Said stipulation reads as follows: '' 'Pursuant to the stipulation of the parties hereto, the order of the trial court in the above entitled

remittitur, defendant filed with the trial court a memorandum of costs and disbursements on appeal which included additional attorney fees claimed under section 1255a in the amount of $300 for services rendered subsequent to the hearing on the aforesaid motion to retax costs and including services on the appeal from the order retaxing costs. Thereafter, plaintiff moved to retax said sum of $300 and to strike it from the cost bill on appeal. A hearing was thereupon had, on April 4, 1962, upon the original motion to retax costs and upon the motion to retax the costs on appeal.[5] Pursuant to said hearing the trial court taxed the attorney's fees on the original cost bill at $1,250, and granted the motion to retax the costs on appeal by striking said item of claimed attorney fees in the sum of $300. No appeal was taken from the order taxing the attorney's fees at $1,250. The instant appeal is solely from the order striking the item of $300 from the cost bill on appeal.

It is well settled that section 1255a permits attorney's fees to be allowed for services rendered in connection with the proposed taking, whether those services are rendered before or after the filing of the action, and whether the eminent domain proceeding is abandoned prior or subsequent to trial. (*La Mesa-Spring Valley School Dist.* v. *Otsuka,* 57 Cal.2d 309, 315-318 [19 Cal.Rptr. 479, 369 P.2d 7]; *City of Inglewood* v. *O. T. Johnson Corp.,* 113 Cal.App.2d 587, 591 [248 P.2d 536]; *People* v. *Thompson,* 5 Cal.App.2d 668, 670-671 [43 P.2d 606]; *City of Los Angeles* v. *Clay,* 126 Cal.App.

---

cause granting plaintiff's motion to retax costs is hereby reversed insofar as it relates to the items of costs claimed by appellants, and is remanded to the trial court for a decision not inconsistent with the opinion of the Supreme Court of the State of California in the case of *LaMesa-Spring Valley School District* v. *Nobuo Otsuka,* designated LA 26634. The remittitur is to issue forthwith.' ''

[5]Pending the appeal in the instant case from the order taxing costs, § 1255a was amended, effective September 15, 1961, to provide insofar as pertinent to these proceedings as follows: "(c) ... a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial *and during trial* and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; provided, however, ... that said costs and disbursements shall not include expenses incurred in preparing for trial where the action is dismissed 40 days *or more* prior to *the time set for the pretrial conference in the action or, if no pretrial conference is set,* the time set for the trial of the action." (Underscoring indicates the additions made by the amendment.)

465, 468 [14 P.2d 926].)[6] While section 1255a places no limitation upon the extent of the expenses recoverable for legal services,[7] such services must be of the type reasonably necessary to the defense of the action and the protection of the defendant's interests at the trial. (See *La Mesa-Spring Valley School Dist.* v. *Otsuka, supra,* pp. 315-318; *City of Inglewood* v. *O. T. Johnson Corp., supra,* at p. 591.)

In *Inglewood* the trial court refused to tax as costs the outlay of the appellants for counsel fees in prosecuting a proceeding in the District Court of Appeal to review and annul the action of the superior court in making its orders for the immediate possession of the property to be condemned. The reviewing court rejected the contention of the respondent that the proceeding for the writ of review was " 'entirely independent of and collateral to' " the condemnation proceeding and therefore the expense of such phase of the litigation cannot be recovered under section 1255a. (P. 591.) The appellate court held that the respondent's demand for immediate possession was "part and parcel of the condemnation action" and "an integral part of the proceeding." (P. 591.)

In *Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678 [32 Cal.Rptr. 288], we recently held that the motion to tax costs made pursuant to section 1255a is a part and a continuation of the original eminent domain proceeding. We there noted that the purpose of section 1255a is to recompense the defendant for expenses which he is impelled to incur by reason of the plaintiff's failure to carry the proceeding through to conclusion, thereby depriving the defendant of any award for his property. (Citing *City of Inglewood* v. *O. T. Johnson Corp., supra.*)

 We are satisfied that the statute contemplates that a defendant be reimbursed for reasonable attorney fees incurred not only in the preparation for the trial and his services during trial, but also for services necessarily incident to the accomplishment of the statutory objectives. In our opinion, the letter and spirit of section 1255a is to make the

---

[6]In *La Mesa* and *Inglewood* the action was abandoned prior to trial; in *Thompson* and *Clay,* subsequent to trial.

[7]In *La Mesa* the Supreme Court recognized the distinction in section 1255a between "attorney fees" and "expenses incurred in preparing for trial," and noted that the former were not subject to the limitation that "expenses incurred in preparing for trial" cannot be recovered where the action is abandoned more than 40 days before the time set for either a pretrial conference or trial. (Pp. 313-314.)

defendant whole for the reasonable attorney fees incurred by him in connection with the defense of an eminent domain action which the condemner has voluntarily abandoned. (See *County of Los Angeles* v. *Hale,* 165 Cal.App.2d 22, 27-28 [331 P.2d 166] ; *Torrance Unified School Dist.* v. *Alwag,* 145 Cal.App.2d 596, 599-600 [302 P.2d 881] ; *City of Inglewood* v. *O. T. Johnson Corp., supra,* p. 591.) ▇ The award of costs and disbursements, including attorney fees, under section 1255a is an incident of the judgment of dismissal. (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* at pp. 696-698.) Such costs and disbursements, must, under section 1255a be established by the filing by the defendant of a memorandum of his items thereof. ▇ Certainly, section 1255a contemplates that a defendant will take every reasonable and necessary step to establish such costs and disbursements and to protect his rights thereto. If, in so protecting his rights he must take an appeal, he should be reimbursed for the reasonable attorney fees incurred in connection therewith because such expense proximately and directly results from the plaintiff's action in abandoning the proceedings. Upon the same rationale he should be entitled to reasonable attorney fees in proceedings subsequent to the original motion to retax costs necessary to establish and perfect his rights to the costs and disbursements, including attorney fees, to which he is entitled under section 1255a. A contrary holding in the instant case would not make defendant whole, but would render him out of pocket to the extent of the reasonable attorney fees incurred on appeal and in the proceedings subsequent to the original motion to retax costs.

We are fortified in the conclusion reached by us by the holding in several cases dealing with costs on appeal from condemnation proceedings. ▇ It is a basic rule in eminent domain proceedings that the party seeking condemnation should not only be required to pay his own costs, but all proper costs of the owner of the land incurred in good faith. (*Heimann* v. *City of Los Angeles,* 30 Cal.2d 746, 752 [185 P.2d 597] ; *Sacramento & San Joaquin Drainage Dist.* ex rel. *State Reclamation Board* v. *Reed,* 217 Cal.App.2d 611, 612 [31 Cal.Rptr. 754] ; *City & County of San Francisco* v. *Collins,* 98 Cal. 259, 262 [33 P. 56].) The rationale of this rule is that to require the defendant to pay his costs necessarily incidental to the trial of the issues would reduce the just compensation awarded by a sum equal to that paid by him for such costs. (See *City & County of San Francisco* v. *Collins, supra,*

at p. 262.) This rule has been applied to costs incurred after a successful appeal by the condemner (*City of Stockton* v. *Vote*, 76 Cal.App. 369, 408 [244 P. 609]; *San Joaquin etc. Irr. Co.* v. *Stevinson*, 165 Cal. 540, 541-542 [132 P. 1021]; *Sacramento & San Joaquin Drainage Dist.* ex rel. *State Reclamation Board* v. *Reed, supra,* at p. 613), as well as in cases where an unsuccessful appeal was taken by the landowner. (*San Diego Land etc. Co.* v. *Neale*, 88 Cal. 50, 67-68 [25 P. 977, 11 L.R.A. 604]; *City of Oakland* v. *Pacific Coast Lumber etc. Co.*, 172 Cal. 332, 336-337 [156 P. 468, Ann.Cas. 1917E 259].) In *San Diego,* the landowner appealed from an order granting the condemning party a new trial. In affirming the order the Supreme Court held that the party seeking to condemn the land should pay all expenses attaching to the process. In *Oakland,* the landowner, to whom the jury's award of damages was not acceptable, appealed from the judgment and the order denying a motion for new trial. The judgment and order were affirmed by the Supreme Court. A subsequent motion to recall the remittitur providing that the respondent recover costs on appeal was denied on the ground that such provision was "in accord with the law. . . ." (P. 337.)

We do not wish to be understood as holding that the rule that a landowner is entitled to his attorney fees on an appeal from an order denying the same or retaxing such fees in proceedings pursuant to section 1255a is an ironclad rule to which there can be no possible exception. It is conceivable that there can be cases wherein such an appeal might be unjustified so as to warrant the denial of attorney fees incurred on appeal. Moreover, while we would not depart from the philosophy that a landowner ought to be made whole where eminent domain proceedings are abandoned pursuant to section 1255a, we do not subscribe to the concept that he necessarily should be made whole according to his notions thereof or to the extent claimed by him.

The reasonableness of the sum of $300 for attorney fees in the instant case is not attacked by plaintiff. It does not appear from the record, moreover, that the reasonableness of such item was contested in the court below. Although the burden of proof is upon the defendant to establish the costs which are objected to on a motion to retax (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* at p. 698; *City of Los Angeles* v. *Abbott,* 129 Cal.App. 144, 153 [18 P.2d 785]; *Estate of Bauer,* 59 Cal.App.2d 161, 164 [138 P.2d 721]), if the items appear to be proper charges, the verified memorandum is prima facie evidence that the costs, expenses, and

services therein listed were necessarily incurred by the defendant (*Oak Grove School Dist.* v. *City Title Ins. Co.*, *supra*, at p. 698; *Port San Luis Harbor Dist.* v. *Port San Luis Transp. Co.*, 213 Cal.App.2d 689, 696 [29 Cal.Rptr. 136]; *Haydel* v. *Morton*, 18 Cal.App.2d 695, 696 [64 P.2d 954]), and the burden of showing that an item is unreasonable is upon the plaintiff. (*Oak Grove School Dist.* v. *City Title Ins. Co.*, *supra*, at pp. 698-699; *Wilson* v. *Nichols*, 55 Cal.App.2d 678, 682-683 [131 P.2d 596]; *Von Goerlitz* v. *Turner*, 65 Cal. App.2d 425, 431-432 [150 P.2d 278].) ■ Although the record on appeal does not include the cost bill in question, we may assume, in the absence of any contention or showing to the contrary by plaintiff, that such cost bill was in the form prescribed by section 1033 and that it was ''verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney'' as therein provided.[8] Accordingly, proper inclusion of the item of $300 for attorney fees on appeal, and in the proceedings subsequent to the original motion to retax costs, is prima facie evidence that such sum is reasonable and necessarily incurred in such proceedings, and in the absence of a showing by plaintiff that such sum is unreasonable, such amount must be charged and taxed to plaintiff.

■ Plaintiff makes the contention in his brief on appeal that defendant's attorneys were employed on a contingent fee contract, and that therefore it was proper to strike the item of attorney fees from defendant's cost bill because since there is no award defendant is not liable for such fees. Respondent cites *City of Long Beach* v. *O'Donnell*, 91 Cal. App. 760 [267 P. 585], which applied this principle to the situation where the eminent domain proceedings were abandoned by the condemner. The answer to plaintiff's contention is that there is no evidence whatsoever in the record before us that defendant's attorneys were employed upon a contingent fee basis. Upon the record before us, and for the reasons hereinbefore stated, we are constrained to hold that the item of $300 attorney fees was properly chargeable in the cost bill in question, that such fees were necessarily incurred, and that such sum is reasonable for the services rendered.

---

[8]§ 1255a provides that the items of costs and disbursements, including expenses and attorney fees, ''may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions,'' i.e., pursuant to § 1033 which has to do with cost bills, generally, in civil actions after judgment. (See *Oak Grove School Dist.* v. *City Title Ins. Co.*, *supra*, at p. 696.

The order is reversed with directions to the trial court to charge said sum of $300 to plaintiff and to tax the subject cost bill in such amount.

Bray, P. J., and Sullivan, J., concurred.