[No. 14449.   In Bank. — May 5, 1892.]

## LOS ANGELES, PASADENA, AND GLENDALE RAILWAY COMPANY, Respondent, *v.* MINNIE RUMPP, Appellant.

Eminent Domain — Cost of Fencing Railroad — Finding against Evidence. — In an action by a railroad company to condemn land for a right of way, where the only evidence given at the trial as to the cost of building a lawful fence along the line of the proposed railroad was thirty cents per foot, and it appeared that the length of the right of way was one thousand and one feet, a finding that the fence would cost one hundred dollars is not sustained by the evidence.

Id. — Necessity of Fence — Inspection by Judge — Findings. — The fact that the judge, during the trial, by stipulation of the parties, visited the premises for the purpose of making a personal inspection, and that he might have seen that there were natural obstructions which would amount to a fence, or that, under the circumstances, no fence was necessary or even practicable, as the proposed road-bed was the wash of a creek, cannot be considered, where the fact is not found that no fence would be necessary, and other evidence shows its necessity, and the finding as to the cost of a fence concedes *its* necessity.

Id. — Assessment of Cost of Fencing — Appeal by Land-owner — Prejudicial Error. — Although the assessment of the cost of fencing, in a proceeding by a railroad to condemn a right of way, is made to enforce a duty imposed by law, and not as damages to the land-owner for an injury to his land, still it is a duty in which the land-owner has a special and substantial interest, and an error committed in the assessment of the cost of the fence is a prejudicial error, of which the land-owner has the right to complain.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*P. W. Dooner,* and *Dooner & Burdett,* for Appellant.

*D. P. Hatch,* and *Brousseau, Hatch, & Thomas,* for Respondent.

TEMPLE, C. — This appeal is from a judgment and order refusing defendant a new trial in an action brought to condemn land for a right of way for plaintiff's railroad.

The case was tried without a jury, and the points made are, — 1. The judge heard material evidence out of court; 2. The evidence does not justify the finding that the value of the land was $75 only, but shows that such value was $350; 3. The evidence is insufficient to justify the finding that the damage to the portion of defendant's land not sought to be condemned will be six hundred dollars, whereas it appears from the evidence that such damage will be upwards of four thousand dollars; 4. The evidence does not justify the finding that the cost of building a good and sufficient fence along the line of said proposed railroad, upon the strip of land sought to be condemned, will be one hundred dollars, but the evidence shows that the cost of such fence will be upwards of five hundred dollars.

It is evident that if any of these grounds be found to necessitate a reversal, no good can result from a discussion of the other points made.

The length of the right of way or strip sought to be condemned through defendant's land is one thousand and one feet. The only evidence given at the trial as to the cost of building a lawful fence along this right of way was thirty cents per foot. Of course the finding that it will cost one hundred dollars is not sustained by the evidence, but is contrary thereto.

XCIV. CAL.—28

By stipulation of the parties, the judge, during the trial, visited the premises for the purpose of making a personal inspection, and it is claimed that what he saw and learned by inspection is evidence in the case; that he may have seen that there were natural obstructions which would amount to a fence, or that under the circumstances no fence was necessary or even practicable, as the proposed road-bed was the wash of Arroyo Seco Creek. To this suggestion it may be replied that it is not so found, and if it had been, such finding would be inconsistent with the other testimony in the case; and further, by finding that good and sufficient fences would cost one hundred dollars, the court concedes the necessity of a fence.

It is also said that the defendant cannot complain, because it has been held that the assessment of the cost of fencing is made to enforce a duty imposed by law, and not as damages to the land-owner for an injury to his land. (*Butte Co.* v. *Boydston,* 64 Cal. 110; *California Southern R. R. Co.* v. *Southern Pacific R. R. Co.,* 67 Cal. 59.)

But if such be the case, it is the duty in which the land-owner has a special interest, and if the railroad company does not build the fence, the statute expressly authorizes him to collect the amount.

And on the other hand, the railroad company, by paying the amount assessed to the land-owner, diminishes its responsibility, and renders the land-owner liable for certain losses which may occur unless he builds and maintains the fence.

Plainly, therefore, it is a matter in which the defendant has a substantial interest, and the error is prejudicial to her.

We think the judgment and order should be reversed, and a new trial ordered.

Vanclief, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and a new trial ordered.