[No. 19374.   Department One.—September 7, 1894.]

## LOS ANGELES, PASADENA, AND GLENDALE RAILWAY COMPANY, RESPONDENT, *v.* MINNIE RUMPP, APPELLANT.

EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—COSTS OF SECOND TRIAL —COMPENSATION—CONSTITUTIONAL LAW.—Section 1254 of the Code of Civil Procedure, which provides that "in all cases where a new trial has been granted upon the application of the defendant, and he has failed upon such trial to obtain a greater compensation than was allowed him upon the first trial, the cost of such new trial shall be taxed against him," is not in conflict with section 14 of article I of the constitution; and the defendant, having received the compensation awarded upon the first trial, cannot complain if the costs of an unsuccessful effort to obtain greater compensation are taxed against him upon a second trial.

ID.—RIGHT OF DEFENDANT TO RETAIN CONDEMNATION MONEY PAID—SECOND TRIAL RESULTING IN LESS COMPENSATION—VESTED RIGHTS.—Where the condemnation money awarded upon a first trial was paid into court, without any motion for a new trial by the plaintiff, or notice of appeal, or other objection to the amount found by the jury, and possession is taken of the land condemned, the plaintiff acquired a vested right in the property, and the defendant a vested right in the compensation, which he is not required to refund in part in case a second trial upon a claim for greater compensation results in a second award of a less compensation than that previously awarded and paid.

ID.—ABANDONMENT OF DEFENSES—ESTOPPEL.—The abandonment by the defendant of all defenses, except a claim for greater compensation, confirmed plaintiff's right to the property, and estopped the defendant from denying that right; and the plaintiff is equally estopped to say that the money received by the defendant is not the defendant's property.

ID.—APPEAL—VACATION OF JUDGMENT.—An appeal by the defendant upon the question of compensation alone, accompanied by an abandonment of other defenses, does not vacate the judgment.

Id.—Evidence—Comparative Value of Use of Property.—Evidence to show the comparative value of the use of the property, before and after the construction of the road, is not admissible.

Id.—Cost of Maintaining Fences—Damages.—Under the provisions of sections 1258 and 1251 of the Code of Civil Procedure the cost of maintaining fences after their erection is not a subject of damage in condemnation proceedings; and under section 485 of the Civil Code, construed in connection with section 1248 of the Code of Civil Procedure, the duty of maintaining a fence after its erection is upon the owner, and the expense of doing so is included in the damages allowed for the right of way.

Id.—Evidence—Benefit to Remainder of Land—Error Cured by Instruction.—Where evidence has been received tending to show that the construction of the road would be a benefit to the remainder of the land, an instruction to the jury that the compensation to be awarded the owner must be ascertained without respect to any benefits that would accrue to the remainder of the land from the building of the road is, in effect, an instruction to disregard all testimony tending to show such benefits, and to remove any prejudice to the defendant from the refusal to strike out evidence thereof.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*P. W. Dooner*, for Appellant.

*Burnett & Gibbon*, for Respondent.

Haynes, C.—Action to condemn a right of way over appellant's premises.

Upon the first trial of this action, by a judgment entered October 6, 1890, damages were awarded the defendant, Minnie Rumpp, as follows: Value of land taken, $75; cost of fencing, $100; damage by severance, $600; total, $775, and costs.

The plaintiff paid the damages into court, and took possession, and constructed its road. The defendant received the money so paid, and, having filed her abandonment of all defenses to the action except her claim to a greater compensation, moved for a new trial, and, her motion having been denied, appealed to this court, and the judgment and order were, upon such appeal,

reversed in May, 1892, upon the ground that the cost of fencing, as found, was against the evidence. (*Los Angeles etc. Ry. Co.* v. *Rumpp*, 94 Cal. 432.)

In December, 1892, a second trial was had, and the damages awarded were as follows:

"Value of land taken.....................$106 43
"Cost of fencing.......................... 125 00
"Damage by severance.................... 300 00

"Total damages awarded, $531 43"

Upon this state of the case the court entered a judgment by which the defendant was required to refund to the plaintiff the difference between the award of damages upon the two trials, amounting to $243.57, less the amount of costs awarded to her upon the first trial, amounting with interest to $177.57 (the same not having been paid) thus giving judgment against her for $66 and the costs of the second trial, amounting to $224, or a total of $290.20. Defendant thereupon moved for a new trial, which was denied, and this appeal is from said judgment and the order denying her said motion.

1. Appellant contends that the court erred in awarding costs to the plaintiff upon the second trial, notwithstanding the damages or compensation awarded her was less than that given upon the first trial, and which had been paid by plaintiff and received by her.

Section 1254 of the Code of Civil Procedure, after providing for an appeal to the supreme court in a condemnation proceeding, further provides: "In all cases where a new trial has been granted upon the application of the defendant, and he has failed upon such trial to obtain a greater compensation than was allowed him upon the first trial, the costs of such new trial shall be taxed against him."

This provision appellant insists is unconstitutional. We are not cited to any case in this state where that question has been considered. Section 1255 of the Code of Civil Procedure provides that in proceedings to condemn property for public use "costs may be allowed or

not, and if allowed may be apportioned between the parties, on the same or adverse sides, in the discretion of the court." In *San Francisco* v. *Collins*, 98 Cal. 262, it was held that section 1255 is limited by section 14 of article I of the constitution, and that the payment of any part of the costs of the plaintiff in that case by the defendant would reduce the just compensation awarded by the jury, by a sum equal to the costs so paid. The costs in controversy in that case, however, were not costs resulting from a second trial procured by the defendant for the purpose of securing larger compensation, but which resulted in a verdict for a less sum than that awarded upon the first trial. In Lewis on Eminent Domain, section 562, it is said: "Where the owner is dissatisfied with the amount of damages awarded him in the first instance, and takes an appeal or other proceedings to have a reassessment of the damages, it is usual to provide that he shall pay the costs of the appeal if he fails to secure an increase of damages, and such provisions are proper and valid."

In *Metler* v. *Easton etc. R. R. Co.*, 37 N. J. L. 222, a similar statute was considered. At page 227 the court said: "The legal effect of these provisions is this: A verdict on a valuation greater than that of the commissioners will entitle the owner to costs, without regard to which party appeals. If the company is the appealing party, and the valuation of the jury is the same or a less sum than that of the commissioners, neither party is entitled to costs. But if the owner is the appealing party, and the jury finds the same or a less sum than the commissioners awarded, he must pay the costs. In that event he must pay the costs because he has taken an unsuccessful appeal."

Appellant's argument is, in effect, that her property cannot be taken without just and full compensation; that if the award of $531.43 upon the second trial must be regarded as the just compensation to which she is entitled, that she practically receives but $307.23, if she is required to pay the costs of the second trial which

amount to $224.20; or if the first award remains as the measure of her compensation she does not realize that sum by the amount of costs taxed against her. The result of the second trial, however, shows that the first award, if not more than she was entitled to, was at least just and full compensation, and that sum having been paid by the railroad company and received by her, she cannot complain if the costs of an unsuccessful effort to obtain greater compensation are taxed against her.

2. Appellant contends further that she was improperly required to refund to the railroad company the difference between the first and second awards, amounting to $243.57.

If appellant's second point can be sustained the correctness of our conclusion upon the first point is placed beyond question.

Upon this point also we are without any precedent in this state, and its solution must depend upon the construction of the code provisions governing proceedings in such cases.

Section 1254 of the Code of Civil Procedure requires the plaintiff, if he would take possession and use the property for the purpose intended, to pay into court for the defendant the full amount of the judgment, and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in said proceeding. Said section further provides:

"The defendant, who is entitled to the money paid into court for him upon any judgment, shall be entitled to demand and receive the same at any time thereafter upon obtaining an order therefor from the court. It shall be the duty of the court, or a judge thereof, upon application being made by such defendant, to order and direct that the money so paid into court for him be delivered to him upon his filing a satisfaction of the judgment, or upon his filing a receipt therefor, and an abandonment of all defenses to the action or proceeding, except as to the amount of damages he may be entitled

to in the event that a new trial shall be granted. A payment to a defendant, as aforesaid, shall be held to be an abandonment by such defendant of all defenses interposed by him, *excepting his claim for greater compensation.*"

In this case the condemnation money was paid into court by the plaintiff and paid over to defendant, who filed her abandonment of all defenses except "her claim for greater compensation," and the plaintiff took possession of the premises condemned and constructed its road over the same.

The payment of the money into court by the plaintiff was not accompanied by a motion for a new trial or notice of appeal, or other objection to the amount found by the jury. It paid its money and took possession of the land condemned. Under the statute the defendant received the money without prejudice to any proceeding authorized by it to recover greater compensation, but under a condition that plaintiff's right to occupy the land shall not be questioned. Upon payment of the money plaintiff acquired a vested right in the property, and the defendant a vested right in the compensation. (*City of Chicago* v. *Barbian*, 80 Ill. 485, 486; *Stacey* v. *Vermont Cent. R. R. Co.*, 27 Vt. 44.) The abandonment by the defendant of all defenses except her claim for greater compensation confirmed plaintiff's right to the property, and estopped her from denying that right, and the plaintiff, we think, is equally estopped to say that the money received by the defendant is not hers.

It is urged, however, that the appeal from the first judgment vacated it, and with it the finding of the compensation awarded to the defendant. But if that were true the plaintiff's right to the possession was swept away with the defendant's right to the compensation. Plaintiff's right to possession, depending, as it does under the constitution, upon compensation first made, cannot exist without it. It is therefore clear that the appeal of defendant, accompanied by her abandonment of other defenses, did not, as in ordinary cases, vacate

the judgment.    Nothing that was in issue upon the first
trial was in issue upon the second.    The sole questions
were, whether the defendant was entitled to "greater
compensation," and, if so, how much additional com-
pensation was she entitled to.    The statute requires the
court to pay to the defendant the damages awarded by
the jury so deposited by the plaintiff, but makes no pro-
vision or requirement that any part of it under any cir-
cumstances shall be repaid.

Under a statute of the state of New York containing
a similar provision for the payment or deposit of the
compensation for the land, etc., an appeal is provided
for, and on such appeal a new appraisal may be
ordered by the same or new commissioners, the sec-
ond report to be final and conclusive on all the parties.
The statute then provides:

"If the amount of the compensation to be paid by
the company is increased by the second report the
difference shall be a lien on the land appraised, and
shall be paid by the company to the parties entitled to
the same, or deposited in the bank, as the court shall
direct; and if the amount is diminished the difference
shall be refunded to the company by the party to whom
the same may have been paid, and judgment therefor
may be rendered by the court, on the filing of the
second report, against the party liable to pay the same."
(3 N. Y. Rev. Stats., sec. 18, p. 1745.)

Under the above statute not only is the whole ques-
tion of compensation set at large by the order for a
new appraisement, but if the amount is reduced there
is an express requirement that it shall be repaid, and
express authority given the court to render a judgment
therefor based upon the report of the commissioners;
whilst under our statute we find no requirement that
any thing shall be refunded, nor any authority given
the court to render a judgment for its repayment.    If
the defendant had not waived all other defenses, the
money deposited would have remained under the con-
trol of the court and "be applied to the payment of the

money assessed, and the remainder, if any there be, shall be returned to the plaintiff," as provided in section 1257 of the Code of Civil Procedure. We do not see that our conclusion does any injustice to the plaintiff. By the payment, without any effort to have a reassessment, of damages, it assented that the amount assessed was the just compensation required by the constitution, and cannot therefore complain; and the court having paid it to the defendant in obedience to the statute, we do not see how it can again assume control over it, or direct to what purpose the defendant shall apply it, in the absence of a statute authorizing it, the proceeding being purely statutory.

Some exceptions to evidence remain to be noticed. Defendant's property was mainly used for picnic purposes. Two years intervened between the first and second trial, and defendant sought to show the comparative value of the use of her property before and after the construction of the road. Plaintiff's objection was properly sustained. See *Stockton etc. R. R. Co.* v. *Galgiani*, 49 Cal. 140, where the reasons for the exclusion of such evidence are clearly stated.

Appellant also contends that the court erred in not permitting a witness called for the plaintiff to testify upon cross-examination as to the cost of maintaining a fence along the plaintiff's right of way through defendant's land.

Section 1248 of the Code of Civil Procedure relates to the assessment of damages. Subdivision 4 provides:

"If the property sought to be condemned be for a railroad, the cost of good and sufficient fences along the line of such railroad, and the cost of cattle-guards where fences may cross the line of such railroad."

By this section compensation must be assessed for each source of damage separately; and, by section 1251 of the Code of Civil Procedure, the plaintiff, instead of paying into court the amount assessed as the cost of erecting the fences, may give bond in double the

amount so assessed that it will build the fences within the time specified in the statute. By these provisions it would seem that the cost of maintaining the fences after their erection is not regarded as a subject of damage under these proceedings.

The Civil Code, section 485, provides that: "Railroad corporations must make and maintain a good and sufficient fence on either or both sides of their track and property. . . . . Railroad corporations paying to the owner of the land through or along which their road is located an agreed price for making and maintaining such fence, or paying the cost of such fence with the award of damages allowed for the right of way for such railroad, are relieved and exonerated from all claims for damages arising out of the killing or maiming any animals of persons who thus fail to construct and maintain such fence."

It would therefore seem by the express language of the above cited section of the Civil Code, as well as by subdivision 4 of section 1248 of the Code of Civil Procedure, that where the railroad company pays the cost of good and sufficient fences "with the award of damages allowed for the right of way" the duty of maintaining the fence is upon the owner, and the expense of doing so is included in the damages allowed for the right of way.

A witness for the plaintiff having testified that defendant's land would not be damaged by the construction and operation of plaintiff's road, was asked to give his reason therefor, and in reply said, "that the railroad would prevent any further wash, and it affords a good enbankment to protect the balance of the property." Defendant's motion to strike out the answer was denied.

It may be conceded that the answer of the witness tended to show that the construction of the road would be a benefit to the remainder of the land, but the court in its instructions to the jury expressly charged that "the compensation to be awarded the owner must be ascertained without respect to any benefits that would

accrue to the remainder of the land from the building of the road." This was an instruction to disregard all testimony tending to show benefits resulting to the remaining land, including that asked to be stricken out, and we think was sufficient to remove any prejudice to the defendant from the refusal to strike out.

The only errors being those committed in rendering the judgment, these may be corrected by a modification of it without a new trial.

The costs of the first trial taxed against the plaintiff and remaining unpaid, together with interest thereon, and the costs of this appeal also taxed to the plaintiff, together with the costs of the former appeal if unpaid, should be set off against the costs of the second trial taxed to defendant, so far as they will compensate each other, and a judgment entered in favor of the party in whose favor the balance may be for the excess, leaving in defendant's hands the amount of the first assessment of damages which was paid over to her by the court pursuant to the statute.

Belcher, C., and Vanclief, C., concurred.

For the reasons given in the foregoing opinion, it is ordered that the order denying a new trial be affirmed, and that the judgment appealed from be modified so as to conform to said opinion.

Harrison, J., Garoutte, J., Van Fleet, J.