THE STATE, DEFENDANT IN ERROR v. ERNEST M. HER-
RING, PLAINTIFF IN ERROR.

Submitted July 3, 1903—Decided January 15, 1904.

An osteopathic physician, whose treatment of his patient consists
simply of the manipulation of the body, does not violate that
provision of the act of May 22d, 1894 (*Gen. Stat., p.* 2084),
which forbids the applying of "any drug, medicine or other agency
or application," by an unlicensed person.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON,
HENDRICKSON and PITNEY.

For the state, *John E. Foster,* prosecutor of the pleas.

For the defendant, *Samuel A. Patterson.*

The opinion of the court was delivered by

DIXON, J.   The defendant was tried in the Monmouth
Sessions on an indictment charging that he unlawfully en-

gaged in the practice of medicine and surgery without a license, "by prescribing, directing, recommending, advising, applying, giving and selling for the use of I. S. T. and others * * * certain drugs, medicines and other agencies and applications for the treatment, cure and relief of certain bodily injuries, infirmities and diseases," contrary to the statute.

The proof at the trial was that the defendant was an osteopathic physician, and as such treated I. S. T. and others by manipulating certain muscles of their bodies with his hands only, applying his hands to those parts of the bodies supposed to be afflicted by disease or infirmity. On this proof the defendant was convicted and thereupon prosecutes this writ of error.

The indictment rests upon sections 8 and 10 of "An act to regulate the practice of medicine and surgery, to license physicians and surgeons, and to punish persons violating the provisions thereof," approved May 22d, 1894. *Gen. Stat., p.* 2084. The eighth section contains the language describing the offence substantially as it is set forth in the indictment.

The question now to be considered is whether the defendant, by applying his hands only to the bodies of his patients to relieve their ailments, was applying "any drug, medicine or other agency or application," within the intent of the statute.

The phrase "other agency or application" is a very broad one, and in its general sense would undoubtedly include the use of the hands. But it is conjoined to the terms "drug" and "medicine," which are much more special, and, under the maxim *noscitur a sociis,* its interpretation should be such as will confine it to the class in which its special associates stand. *State* v. *Gedicke,* 14 *Vroom* 86; *Freeholders of Morris* v. *Freeman,* 15 *Id.* 631, 633. Moreover, as a phrase employed to create and define offences unknown to the common law, it must be strictly construed.

In forbidding an unlicensed person to apply any drug or medicine for remedial purposes, the legislature plainly con-

templated the use of something other than the natural faculties of the actor—some extraneous substance. A similar restriction must attach to the more general terms "agency" and "application," and they must likewise be held to import only some extraneous substance. This view has the support of the decision in *State* v. *Liffring,* 61 *Ohio St.* 39, where the expression "drug, medicine or other agency" was held not to include the mere manipulation of the patient's body.

Our conclusion is that the proof did not warrant the conviction of the defendant under this indictment, and the judgment against him must be reversed.