MONROE, J.
The plaintiff sues to expropriate, for railroad purposes, a right of way through certain land owned by defendant. The answer sets up that the land sought to be expropriated forms part of a cemetery, and that the proposed line of the railroad can be diverted without great public loss or inconvenience, and alleges that, should the objection to the expropriation not be maintained, the ■ defendant should be paid some $24,000 ‘as compensatory damages. The jury brought in a verdict in general terms “in favor of the plaintiff,” and assessed the value of the land to be taken and the damages at $6,000. The plaintiff, having deposited the money with the sheriff and having taken possession of the land, appealed, and the defendant now moves to dismiss the appeal upon the ground of acquiescence.
The case, we think, falls within the meaning of Civ, Code, art. 2634, which reads:
“An appeal to the Supreme Court from the verdict of the jury and judgment of the lower court, made by either party, shall not suspend the execution of such judgment, but the payment of the amount of the verdict by the company to the owner, or the deposit thereof, subject to the owner’s order, in the hands of the sheriff, shall entitle the company to the right, title and estate of the owner in and to the land described in the petition in the same manner as a voluntary conveyance would do. But, in the event of any change being made by the final decree in the decision of the cause, the corporation shall be bound to pay the additional sum assessed, or be entitled to recover back the surplus paid, as the case may be.”
This article clearly contemplates that a corporation, plaintiff in an expropriation case, may appeal and obtain a review of the judgment of the trial court quoad the amount awarded, notwithstanding that it pays or deposits such amount and takes possession of the expropriated property. It is true that article 2636 expressly provides that the owner may set up a special plea asserting that the quantity of land sought to be expropriated exceeds that which is reasonably necessary, and that the conclusion reached by the jury on that issue is “always subject to the decision of the Supreme Court on appeal,” and that article 2637 provides that graveyards, the dwelling house, yard, garden, etc., shall not be expropriated unless the jury find that the line of the proposed improvement cannot be diverted without great loss or inconvenience, and it may well be that the defendants, in such eases, would be entitled to suspen *235 sive appeals, since, as the counsel for the defendant now before the court justly observes, the two articles last mentioned follow the other and deal with distinct phases of the subject. This view of the matter, however, though possibly modifying article 2634 to the extent of providing suspensive appeals in certain cases, does not repeal or abrogate the provisions of that article whereunder, in any ease, the plaintiff corporation may appeal quoad the amount of the award, even though it pay or deposit such amount.
The motion to dismiss is therefore denied.