[Civ. No. 2751.    Third Appellate District.—March 13, 1924.]

## MT. SHASTA POWER CORPORATION (a Corporation), Appellant, v. MALCOLM DENNIS et al., Respondents.

[1] Eminent Domain—Payment of Judgment—Appeal—Stay.—In a proceeding in eminent domain to condemn certain riparian rights to the waters of a given stream, the plaintiff is not required to pay the damages awarded within thirty days after entry of judgment in order to avoid liability to execution or for extra damages, as provided by sections 1252 and 1252a of the Code of Civil Procedure. An appeal by the plaintiff within thirty days after entry of the judgment will operate to stay the issuance of execution under the provisions of the one section or the assessment of damages under the other.

[2] Id. — Compulsory Compliance With Judgment — Option of Plaintiff.—In such a case, the plaintiff has the option of paying the damages awarded and taking possession or appealing from the judgment and remaining out of possession until the final determination of the compensation to be paid; and the fact that plaintiff may find it more profitable to comply with the judgment and accept the fruits thereof than to suffer the losses incident to an appeal cannot be said to render such compliance compulsory.

[3] Id.—Payment of Money—Imposition of Conditions—Statutory Rights.—In such a case, in taking possession of the property condemned, the plaintiff is exercising a statutory right and the effect of its acts must be measured by the provisions of the statute, and, in taking the fruits of the judgment under the authority of the statute, it cannot impose conditions upon defendant's acceptance of the moneys paid into court which are not provided by the statute.

[4] Id.—Deposit of Moneys—Reservation of Right to Appeal.—In such a case, a statement by the plaintiff, in connection with the payment into court of the amount of the judgment awarded defendant, that the same is deposited "without prejudice to . . . its right to appeal from said judgment," will not give plaintiff a right of appeal where such right is not given by statute.

[5] Id.—Waiver of Right to Appeal.—Under section 1251 et seq. of the Code of Civil Procedure, relating to proceedings in eminent domain, the acts of the plaintiff in voluntarily paying into court the amount of the judgment awarded defendant and in entering into possession of the property condemned constitutes a waiver by plaintiff of the right to appeal.

(1) 20 C. J., p. 1108, sec. 482.    (2) 20 C. J., p. 1094, sec. 470. (3) 20 C. J., p. 1075, sec. 454 (1926 Anno.).    (4) 20 C. J., p. 1094, sec. 470.    (5) 20 C. J., p. 1094, sec. 470.

1.  See 10 Cal. Jur. 374, 423.

APPEAL from a judgment of the Superior Court of Shasta County. Walter E. Herzinger, Judge. Appeal dismissed. ·

The facts are stated in the opinion of the court.

W. B. Bosley, T. J. Straub and Chenoweth & Leininger for Appellant.

Carter & Smith for Respondents.

FINCH, P. J.—This is a motion to dismiss plaintiff's appeal from that part of the judgment herein which fixes defendants' damages for the taking of their property for a public use.

The defendants are the owners of certain lands riparian to Pitt River. Fall River empties into Pitt River above these lands. Having determined to divert all of the water naturally flowing in Fall River to its hydro-electric power plant and thence convey the water to Pitt River at a point below defendant's lands, this proceeding was commenced for the purpose of condemning defendants' riparian rights in so far as the waters to be diverted from Fall River are material thereto. September 15, 1922, the jury returned a verdict fixing the amount of defendants' damages on account of the proposed taking. September 22, 1922, judgment was entered on the verdict. On the same day the plaintiff served and filed its notice of intention to move for a new trial. September 29, 1922, the plaintiff paid into court for the defendants the amount of the judgment and costs and, in connection therewith, filed a written statement as follows:

"To the Above-entitled Court and to Mr. S. W. Witherow, Clerk Thereof:

"Mt. Shasta Power Corporation, plaintiff in the above-entitled action, in compliance with, and for the purpose of preserving its rights under the final judgment of condemnation entered in the above-entitled cause . . . and Title 7, Part 3, of the Code of Civil Procedure of California herewith deposits in the above-entitled court, for the defendants above named, . . . the compensation awarded by said judgment

to said defendants. . . . The said plaintiff, however, by depositing the aforesaid sums of money in said court for said defendants, as aforesaid, does so without prejudice to and without any intention on its part to waive its right to prosecute its pending motion for a new trial in the above entitled proceeding, or its right to appeal from said judgment."

From affidavits introduced by defendants in opposition to plaintiff's motion for a new trial, it appears that on the first and second days of October, 1922, the plaintiff "diverted substantially all of the waters of Fall River" to its power plant "without the consent or acquiescence of any of said defendants." Plaintiff introduced an affidavit to the effect that on the thirtieth day of September and on the first, second, and twenty-second days of October it "temporarily diverted some of the waters of Fall River" for the purpose of "testing out and adjusting the machinery in said power house," and other stated purposes, "with the consent and acquiescence of said defendants." October 9, 1922, the money deposited by plaintiff was, on the order of the court, paid to defendants. October 20, 1922, defendants filed a satisfaction of the judgment. October 23, 1922, plaintiff filed notice of motion for an order authorizing plaintiff to take possession of and use the property condemned, during the pendency of the action, and offer "to pay into court such further sum as may reasonably be required by the court as a fund to pay any further damages and costs that may be recovered in this proceeding, as well as all damages that may be sustained by the defendants, if, for any cause, the property shall not be finally taken for public use—all in accordance with the provisions of section 1254 of the Code of Civil Procedure. This motion will be made without prejudice to plaintiff's right to further prosecute its motion for a new trial now pending in the above-entitled court and cause, and also without prejudice to its right to take and prosecute an appeal from the judgment heretofore entered in said court and cause." On the same day the court made an order reciting that plaintiff had paid into court an additional sum of three thousand dollars as required by the court and authorizing plaintiff "to take possession of and use the property described in said judgment for the purposes stated in said complaint, during the

pendency, and until the final conclusion of said action." No
claim is made that the plaintiff has not been in possession
of the property condemned since the making of the fore-
going order. December 18, 1922, plaintiff's motion for a
new trial was denied and on January 6, 1923, it served its
notice of appeal. Defendants' motion to dismiss the appeal
is made upon the ground that "plaintiff has waived its right
to appeal from said judgment by the voluntary payment of
the amount of said judgment, and by taking possession of
and using and appropriating the property condemned in
said action and for which the amount of said judgment was
paid as just compensation." The following sections of the
Code of Civil Procedure are applicable to the questions here
raised: 1251: "The plaintiff must, within thirty days after
final judgment, pay the sum of money assessed." 1252:
"Payments may be made to the defendants entitled thereto,
or the money may be deposited in court for the defendants,
and be distributed to those entitled thereto. If the money
be not so paid or deposited, the defendants may have execu-
tion as in civil cases." 1254: "At any time after trial and
judgment entered or pending an appeal from the judgment,
. . . whenever the plaintiff shall have paid into court, for
the defendant, the full amount of the judgment, and such
further sum as may be required by the court as a fund to
pay any further damages and costs that may be recovered
in said proceeding, as well as all damages that may be sus-
tained by the defendant, if, for any cause, the property
shall not be finally taken for public use, the superior court
in which the proceeding was tried may . . . authorize the
plaintiff . . . to take possession of and use the property
during the pendency of and until the final conclusion of
the litigation. . . . The defendant, who is entitled to the
money paid into court for him upon any judgment, shall
be entitled to demand and receive the same at any time
thereafter upon obtaining an order therefor from the court.
It shall be the duty of the court, or a judge thereof, upon
application being made by such defendant, to order and
direct that the money so paid into court for him be delivered
to him upon his filing a satisfaction of the judgment, or
upon his filing a receipt therefor, and an abandonment of
all defenses to the action or proceeding, except as to the
amount of damages that he may be entitled to in the event

that a new trial shall be granted. A payment to a defendant, as aforesaid, shall be held to be an abandonment by such defendant of all defenses interposed by him, excepting his claim for greater compensation.'' 1255a: ''Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendant and filing in court a written notice of such abandonment; and failure to comply with section 1251 of this code shall constitute an implied abandonment of the proceeding. Upon such abandonment, express or implied, on motion of defendant, a judgment shall be entered dismissing the proceeding and awarding the defendant his costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees.'' 1257: ''The provisions of part two of this code, relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this title, apply to the proceedings mentioned in this title; provided, that upon the payment of the sum of money assessed, . . . the plaintiff shall be entitled to enter into, improve, and hold possession of the property sought to be condemned . . . as provided in section twelve hundred and fifty-four, and devote the same to the public use in question; and no motion for a new trial or appeal shall, after such payment, . . . in any manner retard the contemplated improvement.''

[1] Appellant contends that its payment of the damages awarded the defendants was not voluntary but that, under the provision of section 1251, herein quoted, it was compelled to make such payment within thirty days after final judgment, ''as failure to comply with this provision would have subjected appellant to liability to execution, or to extra damages upon abandonment,'' as provided by sections 1252 and 1255a. An appeal by plaintiff, however, within thirty days after entry of the judgment would have operated to stay the issuance of execution under the provisions of the one section or the assessment of damages under the other. (*Colusa etc. R. R. Co.* v. *Superior Court*, 31 Cal. App. 746, 761 [161 Pac. 1011].) [2] Plaintiff had the option of paying the damages awarded and taking possession or appealing from the judgment and remaining out of possession until the final determination of the compensation to be paid. Appellant further urges that it had theretofore acquired the

rights of substantially all persons other than defendants in the water to be diverted, that it could not operate its power plant without such water, that its loss from failure to operate its plant would have greatly exceeded the amount of the judgment, and that, therefore, the payment of the compensation awarded and the entry into possession were not voluntary but compulsory and did not constitute a waiver of appeal. The fact that a party may find it more profitable to comply with a judgment and accept the fruits thereof than to suffer the losses incident to an appeal cannot be said to render such compliance compulsory. The necessities of the plaintiff and its intention in making payment and taking possession, however, are not decisive of the case. [3] In taking possession, the plaintiff was exercising a statutory right and the effect of its acts must be measured by the provisions of the statute. In taking the fruits of the judgment under the authority of the statute, the plaintiff could not impose conditions upon defendants' acceptance of the money paid which are not provided by the statute. [4] It is not perceived that the plaintiff's attempt to limit the effect of its payment and entry is material. Its statement, in connection with the payment of the money into court, that the same was deposited "without prejudice to . . . its right to appeal from said judgment" is of no value in determining the question of its right to appeal, a right which is wholly dependent upon the statute. [5] Ordinarily the voluntary compliance with a judgment and the acceptance of the fruits thereof by a party are inconsistent with a right of appeal by such party. By accepting the money paid into court in a proceeding in eminent domain, a defendant thereby abandons "all defenses interposed by him," excepting the one saved to him by the statute, "his claim for greater compensation." But for this saving clause, the acceptance of payment by a defendant of the amount awarded him as damages would be an abandonment of all defenses. The constitution (art. I, sec. 14) provides: "Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner." Such compensation "is not paid into court *for him* until he can take it." (*Steinhart* v. *Superior Court,* 137 Cal. 575, 579 [92 Am. St. Rep. 183, 59 L. R. A. 404, 70 Pac. 629].) There is no provision,

constitutional or statutory, giving a plaintiff the right to recover any part of the compensation so paid in the event of a judgment for a smaller sum upon a second trial. The facts involved in the case of *Los Angeles etc. Ry. Co.* v. *Rumpp,* 104 Cal. 20 [37 Pac. 859] differ from those in this, in that the defendant there appealed, after accepting the compensation paid into court by the plaintiff, and that "the payment of the money into court by the plaintiff was not accompanied by a motion for a new trial or notice of appeal, or other objection to the amount found by the jury." The grounds, however, upon which the decision is based are independent of such failure to appeal or object. Commencing on page 25, it is said: "It paid its money and took possession of the land condemned. . . . Upon payment of the money plaintiff acquired a vested right in the property, and the defendant a vested right in the compensation. . . . The abandonment by the defendant of all defenses except her claim for greater compensation confirmed plaintiff's right to the property, and estopped her from denying that right, and the plaintiff, we think, is equally estopped to say that the money received by the defendant is not hers. It is urged, however, that the appeal from the first judgment vacated it, and with it the finding of the compensation awarded to the defendant. But if that were true the plaintiff's right to the possession was swept away with the defendant's right to the compensation. Plaintiff's right to possession, depending, as it does under the Constitution, upon compensation first made, cannot exist without it. It is therefore clear that the appeal of defendant, accompanied by her abandonment of other defenses, did not, as in ordinary cases, vacate the judgment. Nothing that was in issue upon the first trial was in issue upon the second. The sole questions were, whether the defendant was entitled to 'greater compensation,' and, if so, how much additional compensation was she entitled to. The statute requires the court to pay to the defendant the damages awarded by the jury so deposited by the plaintiff, but makes no provision or requirement that any part of it under any circumstances shall be repaid. Under a statute of the state of New York containing a similar provision for the payment or deposit of the compensation for the land, etc., an appeal is provided for, and on such appeal a new appraisal may

be ordered. . . . The statute then provides: 'If the amount of the compensation to be paid by the company is increased by the second report the difference shall be a lien on the land appraised, and shall be paid by the company to the parties entitled to the same, or deposited in the bank, as the court shall direct; and if the amount is diminished the difference shall be refunded to the company by the party to whom the same may have been paid.' . . . Under the above statute not only is the whole question of compensation set at large by the order for a new appraisement, but if the amount is reduced there is an express requirement that it shall be repaid, . . . whilst under our statute we find no requirement that anything shall be refunded."

In support of appellant's contention that payment of the damages awarded and entry into possession did not constitute a waiver of an appeal, Lewis on Eminent Domain (third edition), section 808, is cited. It is there said: "If the petitioner pays the damages awarded, this will, in the absence of any statute, waive an appeal, but the deposit of damages for the purpose of obtaining possession will not deprive the petitioner of the right of appeal." In support of the latter part of the statement the author cites cases from Indiana, Louisiana, Michigan, and Missouri. The statutes considered in those decisions were essentially different from those of this state. The Indiana statute authorized the plaintiff to take possession upon payment of the amount of the award and provided: "The award of said arbitrators may be reviewed by the circuit court . . . and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed." (*Cleveland, C., C. & St. L. Ry. Co.* v. *Nowlin,* 163 Ind. 497 [72 N. E. 257].) The Louisiana statute provided: "In the event of any change being made by the final decree in the decision of the cause, the corporation shall be bound to pay the additional sum assessed, or be entitled to recover back the surplus paid, as the case may be." (*New Orleans Terminal Co.* v. *Fireman's Charitable Assn.,* 115 La. 442 [39 South. 437].) The Michigan statute provided that if the compensation "is increased by the second report the difference is to be a lien on the land appraised, and be paid by the company. If the amount is diminished, the difference shall be refunded

to the company." (*Fort Street Union Depot Co.* v. *Peninsular Stove Co.*, 103 Mich. 637 [61 N. W. 1007].) The Missouri statute was similar to that of Indiana. (*St. Louis, K. & N. W. R. Co.* v. *Clark*, 119 Mo. 357 [24 S. W. 157]; *St. Louis etc. R. R. Co.* v. *Aubuchon*, 199 Mo. 352 [116 Am. St. Rep. 499, 8 Ann. Cas. 822, 9 L. R. A. (N. S.) 426, 97 S. W. 867].) The statute construed in *Madisonville, H. & E. R. Co.* v. *Ross*, 126 Ky. 138 [13 L. R. A. (N. S.) 420. 103 S. W. 330], cited by appellant, provided: "When an appeal shall be taken . . . by the company, it shall not be entitled to take possession of the land or material condemned until it shall have paid into court the damages assessed and all costs." Here it clearly appears that the statute contemplated a right of appeal, notwithstanding the payment. In *Chicago, S. F. & C. Ry. Co.* v. *Phelps*, 125 Ill. 482 [17 N. E. 769], the owner had expressly agreed to refund the money paid as compensation in the event of a reversal of the judgment. In *Kansas City Southern Ry. Co.* v. *Boles*, 88 Ark. 533 [115 S. W. 375], the plaintiff had paid into court the compensation awarded under a mistake as to its rights and it was held that, under such circumstances, plaintiff's right of appeal was not waived. In *City of Rosebud* v. *Vitek* (Tex. Civ. App.), 210 S. W. 728, the statute (art. 6530, Rev. Stats.) construed provided: "Where the award paid the defendant or appropriated by him exceeds the value of the property as determined by the final judgment, the court shall adjudge the excess to be returned to the plaintiff." No case has been cited or discovered which holds that the condemning party can recover any part of the compensation paid to the owner, in the absence of a statute expressly or by necessary implication authorizing such recovery.

In *Pyle* v. *Woods*, 18 Idaho, 674 [111 Pac. 746], the statute under consideration gave both parties the right to have the question of compensation determined by a jury, with the proviso that the condemning party might apply for the appointment of commissioners to assess such compensation, and that after the making of such assessment the plaintiff might have possession upon payment of the sum so assessed. The plaintiff caused the assessment to be made, paid the amount thereof into court, took possession of the

property, and then sought to have defendant's damages fixed by a jury. In granting a writ prohibiting the court from proceeding with the trial the supreme court said: "After the assessment of damages by the commissioners the company was not obliged to pay the award if it was dissatisfied with the amount assessed but might have gone before the court and a jury and had the damages assessed in the usual way. The payment of the award made by the commissioners was wholly voluntary on the part of the plaintiff. . . . It would be trifling with justice and the rights of property owners to allow a company endowed with the power of eminent domain, to come into court, procure the appointment of commissioners, pay the award made into the court, take possession of the defendant's property, and thereafter put the defendant to the annoyance and expense of a trial before the court and jury when the defendant is already willing to accept the award which has been made and upon which plaintiff has taken possession of his property." In *Helm & N. W. R. Co.* v. *Turner,* 89 Miss. 334 [42 South. 377], it was held that the plaintiff waived its right of appeal by payment of the award and entry into possession under a statute which provided: "Upon the return of the verdict and entry of the judgment if the applicant pay the defendant whose compensation is fixed by it, or tender to him the amount so found and pay the costs, he or it shall have the right to enter in and upon the land of such defendant so condemned, and to appropriate the same to the public use defined in the application." Under statutes of other states authorizing a condemning party to take possession upon payment of the award and providing that the plaintiff shall be required to pay any additional sum awarded the defendant upon a second hearing, but making no provision for a recovery by the plaintiff in the event of a diminished second award, it has been held that by payment and entry into possession the plaintiff waives the right of appeal. (*Mayor etc. of Jersey City* v. *Hamilton,* 70 N. J. L. 48 [56 Atl. 670]; *Oregon Electric Ry. Co.* v. *Terwilliger,* 51 Or. 107 [93 Pac. 334, 930]; *City of Portland* v. *Schmid,* 82 Or. 465 [161 Pac. 560]; *City of Spokane* v. *Cowles,* 67 Wash. 539 [121 Pac. 463].) The foregoing decisions are all in harmony with what is said in *Los Angeles*

*etc. Ry. Co.* v. *Rumpp, supra,* and that case must be held to be controlling here.

The appeal is dismissed.

Hart, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 12, 1924.

All the Justices concurred, except Lennon, J., and Richards, J., who dissented.