[Civ. No. 25611. Second Dist., Div. Four. Oct. 11, 1962.]

CONSUMERS HOLDING CO., Defendant and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

Martin L. Abrams for Defendant and Appellant.

Harold W. Kennedy, County Counsel, A. R. Early, Deputy County Counsel, George C. Hadley, R. B. Pegram, Joseph A. Montoya and Robert W. Vidor for Defendants and Respondents.

THE COURT.—This was an action in eminent domain. The defendants to the action below were the owner and two lienors whose liens had attached to the property. After determining the full amount of damages to be awarded against plaintiff condemner, the trial court apportioned the award among defendants pursuant to section 1246.1, Code of Civil Procedure, which authorizes a separate determination of the issues of total damages and apportionment of the award among several defendant claimants. The owner, finding the trial court's apportionment unacceptable, appealed from that part of the judgment. Since plaintiff was disinterested in the apportionment only defendant lienors responded and plaintiff did not become a party to the appeal.

We affirmed the trial court's judgment. In the decision we gave no direction as to costs on appeal and the clerk of this court, as is usual where the judgment is silent concerning costs, added a direction in the remittitur to award costs on appeal to the prevailing party, in this case defendant lienors. The dispute concerns who shall be required to pay the costs of the parties to the appeal including costs incurred by appellant.

Section 1246.1, *supra,* provides that the plaintiff condemner shall bear costs of determining an apportionment of the award. Appellant construes "costs of determining the apportionment" to include costs of an unsuccessful appeal from a proper determination by the trial court. Since the provision for costs in the remittitur was construed below to preclude taxing costs of the appeal against plaintiff condemner, appellant now brings a motion before this court to recall said remittitur and eliminate therefrom the words "respondent to recover costs of appeal."

Appellant owner is entitled to recover his costs of determining the apportionment to the extent allowed by section 1246.1. This is consonant with the rule that a condemnee, entitled to be made whole, shall not bear any reasonable costs incident to the determination of his damages because the compensation for the property taken would not be just, as required by article I, section 14, California Constitution, if it were reduced by those costs. But this constitutional mandate does not confer an unlimited right to costs where the determination of the award is reconsidered through post-trial motions and appeals. See *Los Angeles etc. Ry. Co.* v. *Rumpp,* 104 Cal. 20 [37 P. 859].

 Thus, where the owner is dissatisfied with an award in the first instance and takes an appeal or other proceeding to have a reassessment of the award, it is proper in the court's discretion to tax the costs of appeal to him if he fails to secure an increase. (*Oakland* v. *Pacific Coast Lumber etc. Co.,* 172 Cal. 332 [156 P. 468, Ann.Cas. 1917E 259].) And where the owner secures a new trial and the second award is no greater than the first, costs of the second trial are mandatorily assessed to the owner (Code Civ. Proc., § 1254, subd. (k)). This has been held not to violate the constitutional requirement stated above. (*Los Angeles etc. Ry. Co.* v. *Rumpp, supra,* 104 Cal. 20.) The reason is that the condemnee has had a full determination of his damages and the Constitution does not impose on the condemner the burden of costs of his unsuccessful effort to get more. To hold otherwise would encourage unwarranted posttrial tactics on the slightest pretext.

The cases and statute noted above express an established policy in this state. An examination of the background of section 1246.1 of the Code of Civil Procedure, enacted in 1939, does not compel a departure. The legislature had previously expressed a limitation on costs assessed to the condemner with respect to new trials (§ 1254, *supra*), and had before it at the time of enactment of section 1246.1 the decisions of our Supreme Court expressing a similar view with respect to appeals. (*Oakland* v. *Pacific Coast Lumber etc. Co., supra,* 172 Cal. 332.)

 Therefore, while appellant owner will be entitled to its costs of determination of the apportionment as made in the trial court to the extent allowed by section 1246.1, it is not entitled to recover the costs of its unsuccessful appeal from the condemner. Since respondent lienholders prevailed on the appeal they are entitled to recover their costs on appeal from appellant.

The motion to recall the remittitur is accordingly denied.