[Civ. No. 51204. Second Dist., Div. Four. Apr. 17, 1978.]

CITY OF DOWNEY, Plaintiff and Respondent, v.
WILLIE JOHNSON, as Executor, etc., Defendant and Appellant.

972

**COUNSEL**

Robert Hutson for Defendant and Appellant.

Royal M. Sorensen, City Attorney, Burke, Williamson & Sorenson and Carl K. Newton for Plaintiff and Respondent.

**OPINION**

**HUPP, J.**[*]—In this eminent domain proceeding, defendant appeals from a judgment[1] for $9,935 entered against him and in favor of plaintiff following the granting of plaintiff's motion for reimbursement pursuant to former Code of Civil Procedure section 1254, subdivision (g).[2] We affirm the judgment.

In 1964, plaintiff commenced an action in eminent domain to acquire land for the construction of a municipal hospital. Among the land sought

[*]Assigned by the Chairperson of the Judicial Council.

[1]The notice of appeal states that defendant appeals from "the Findings and Orders on plaintiff's Motion for Reimbursement." An appeal may not be taken from findings, but only from the judgment which they support. (*Gosney* v. *State of California* (1970) 10 Cal.App.3d 921, 928 [89 Cal.Rptr. 390].) We construe the notice of appeal to apply to the appealable judgment rather than the nonappealable order granting the motion for reimbursement.

[2]The 1975 Legislature amended and renumbered subdivision (g) of section 1254 to be section 1268.160 effective July 1, 1976. (Stats. 1975, ch. 1275.) The amendments have to do with interest and do not affect the section as it applies to this case.

to be acquired were parcels 40, 41 and 42 owned by Ella Dotsey. Dotsey, through defendant, the conservator of Dotsey's estate, in propria persona, purportedly answered the second amended complaint. On December 31, 1965, an interlocutory judgment in condemnation was entered awarding compensation of $59,900 for parcels 40, 41 and 42, and ordering that the parcels be condemned upon payment of such sum by plaintiff for the benefit of defendant.[3] On January 6, 1966, defendant filed a notice of appeal from the judgment. Plaintiff paid the amount of the judgment into court and, on January 19, 1966, obtained an order of the court authorizing possession of parcels 40, 41 and 42. (Former Code Civ. Proc., § 1254, subd. (a).) In April 1968 and August 1970, defendant filed applications for payment under the judgment, at the same time abandoning all defenses except a claim for greater compensation. (Former Code Civ. Proc., § 1254, subd. (f).) Pursuant to these applications, warrants totaling $59,900 were issued to defendant and were cashed by him. In July 1968, the judgment was reversed on the ground that defendant, in his representative capacity as conservator or executor, did not have the right to appear in propria persona. (*City of Downey* v. *Johnson* (1968) 263 Cal.App.2d 775 [69 Cal.Rptr. 830].) A second trial resulted in a verdict fixing the combined fair market value of parcels 40, 41 and 42 at $49,965. Defendant appealed from the ensuing judgment, which was affirmed. Thereafter, plaintiff filed a motion for reimbursement to recover from defendant the sum of $9,935, representing the amount withdrawn by him in excess of the final award in condemnation for parcels 40, 41 and 42. (Former Code Civ. Proc., § 1254, subd. (g), now § 1268.160.) The motion was granted and judgment in the sum of $9,935 was entered in favor of plaintiff and against defendant.

■ Former Code of Civil Procedure section 1254, subdivision (g), provided: "Any amount withdrawn by any party in excess of the amount to which he is entitled as finally determined in the eminent domain proceeding shall be paid without interest to the party entitled thereto, and the court in which the eminent domain proceeding is pending shall enter judgment therefor against such party." Despite this provision, defendant contends that he is not obligated to repay the amount withdrawn by him in excess of the final condemnation award. In support of this contention, defendant cites and relies upon *Los Angeles etc. Ry. Co.* v. *Rumpp* (1894) 104 Cal. 20 [37 P. 859]. The contention has no merit. In the *Rumpp* case, the Supreme Court concluded that the defendant in

---

[3]Ella Dotsey apparently died before entry of the interlocutory judgment, for that judgment orders that payment for parcels 40, 41 and 42 be made to defendant "as Executor of the Will of Ella J. Dotsey, deceased."

an eminent domain proceeding could not be required to refund to the plaintiff the difference between the sum withdrawn by defendant following the first trial and the lesser sum awarded to her upon retrial because there was no statute then providing for the same.[4] In 1961, section 1254 was amended by the addition of former subdivision (g). (Stats. 1961, ch. 1613, § 8.) The amendment changed the rule of the *Rumpp* case by requiring the repayment of amounts withdrawn by the defendant in excess of the amount of compensation ultimately determined to be due him.

■ Defendant argues that former subdivision (g) of section 1254 applies only where the *plaintiff* appeals from a judgment. Former subdivision (g) contains no such limitation on the plaintiff's right to recover from the defendant amounts withdrawn by him in excess of the amount to which he is entitled. We see no basis for implying such a limitation. To the contrary, such an implication would mean that defendant would recover more than the property is determined to be worth; we see no reason to suppose that the Legislature intended such a result.

If defendant is contending that a conflict exists between former subdivisions (f)[5] and (g), we reject such contention. Former subdivision (f) preserved a defendant's right to claim greater compensation by appealing from a judgment even though he had withdrawn the amount of the compensation awarded him in that judgment. Former subdivision (g) provided, in effect, that if the defendant's appeal produces a new trial which results in a second judgment awarding him less compensation, he must repay the amount he has withdrawn in excess of the amount of the second judgment. Thus, there is no conflict between the two subdivisions.

■ Defendant's final contention is that the principles of res judicata precluded plaintiff from seeking reimbursement by motion following the affirmance of the second judgment. The argument is made without citation of authority. The unstated premise behind the argument is apparently that plaintiff has impermissibly "split" its cause of action by requesting reimbursement only after the judgment fixing value became final.

---

[4]See *Los Angeles etc. Ry. Co.* v. *Rumpp, supra,* at page 26.

[5]The 1975 legislation which renumbered subdivision (g) also renumbered and amended subdivision (f). The substance of former subdivision (f) is now found in section 1268.140, subdivision (a).

In our opinion, the rule against splitting a cause of action does not apply here. The right of the plaintiff to reimbursement did not arise under former section 1254, subdivision (g), until, in the words of the statute, the valuation was "finally determined." The fixing of valuation was not finally determined in this case until the judgment of the Court of Appeal affirming the judgment in the second trial became final. In essence, defendant argues that the plaintiff, at the risk of later being held to have split its cause of action, must assert it contingently (presumably by amended or supplemental complaint) before the start of the second trial. We see no good reason based on statutory or policy considerations why this should be so. The case is more nearly akin to those cases which hold that a cause of action is not "split" as to rights accrued since the rendition of the former judgment. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 190, and cases cited therein; *Roberts* v. *Redlich* (1952) 111 Cal.App.2d 566, 569-570 [244 P.2d 933].) The order awarding judgment for the overpayment conflicts with none of the policy reasons behind the res judicata rules if it is made in the same action as a separate order after judgment, as it was here.

The judgment is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.